# Nolen v. The State ex rel. Moore.

*Proceeding in Quo Warranto.*

1. *Constitutional law; removal of tax assessor from office by the Governor unconstitutional.*—A tax assessor can be removed from office only in the mode prescribed by the Con-

stitution, and the provisions of the act approved February 28, 1887, (Acts of 1886-87, p. 1), which undertakes to authorize the Governor to suspend tax assessors, and to appoint tax commissioners to perform the duties of the assessors so suspended, is unconstitutional and void, as violative of section 3 of Article VII of the Constitution, which provides that a tax assessor may be removed from office by impeachment.

2. *Quo warranto; when properly resorted to.*—Where after a tax assessor has been suspended from office by the Governor, and the one who succeeds him by appointment of the Governor is styled tax commissioner, but discharges the duties of the office of tax assessor, *quo warranto* is the proper remedy for the suspended tax assessor to resort to in order to test such incumbent's right to his office.

APPEAL from the Circuit Court of Coosa.

Tried before the Hon. J. M. CARMICHAEL.

This was a statutory *quo warranto* proceeding, instituted by the State of Alabama on the relation of Samuel L. Moore, against the appellant, J. M. Nolen. The information or complaint filed by the relator averred the following facts: Samuel L. Moore was, at the general State election in August, 1896, duly and legally elected tax assessor for Coosa county, for a term of four years, and on August 14, 1896, duly qualified and entered upon the duties of said office. On July 30, 1897, Joseph F. Johnston, as Governor of Alabama, acting under the authority of the statute approved February 28, 1887, (Acts of 1886-87, p. 1), suspended said Moore from his office. Shortly thereafter, the Governor acting under the 10th section of the act cited above, appointed J. M. Nolen as tax commissioner; and on August 25th, 1897, said Nolen claiming to act as tax commissioner under and by virtue of such appointment, usurped the office of tax assessor and entered at once upon the exercise of the duties and powers as tax assessor of Coosa county. It was then averred in the information or complaint, that the Governor was without legal power and authority to suspend the relator or to appoint the respondent as tax commissioner, and that said appointment was void and of no effect and conferred upon said Nolen no lawful right to perform any of the duties devolved by law upon the tax assessor of Coosa county.

The prayer of the information was that said Nolen be adjudged guilty of usurping the office and duties of the tax assessor of Coosa county, and that he be excluded from the exercise of any of said duties. The respondent demurred to the information upon several grounds, which were in substance as follows: 1st. It is not shown in the information that the respondent is in possession of the office of tax assessor. 2d. That it is not shown by the averments that the respondent has usurped or unlawfully holds or exercises the said office of tax assessor. 3d. That *quo warranto* is not the proper remedy and can not be invoked in this case. 4th. That *quo warranto* is not the proper remedy to test the constitutionality of an act of the legislature creating an office. This demurrer was overruled, to which ruling the respondent duly excepted. Thereupon the respondent filed an answer, in which he averred in substance that the relator who was holding and exercising the office of tax assessor of Coosa county in July, 1897, was suspended from said office under and by virtue of the act of the General Assembly, approved February 28, 1887, (Acts of 1886-87, p. 1), for failure to properly discharge the duties required of said relator by law; that after the suspension of said Moore from the office of tax assessor, as shown by the information, the respondent was duly appointed tax commissioner of Coosa county by the Governor, and was exercising the duties of the office of tax commissioner of said county, under and by virtue of said appointment, and under the authority of the commission issued to him.

In answer, the respondent pleaded that "the information in the nature of the quo warranto is not the legal or proper suit or remedy for the accomplishing of the purpose sought in this suit." The plaintiff moved to strike from the answer this plea. This motion was granted, and the respondent duly excepted. The relator demurred to the answer of the respondent upon the following grounds: "1st. Because it appears in and by said answer and plea that the said S. L. Moore was elected tax assessor of the county of Coosa at the general election in 1896, and the term of office of said Moore has not expired. 2d. Because the Governor of Alabama is without authority to suspend the said

[Nolen v. The State *ex rel.* Moore.]

Moore from his office as tax assessor of Coosa county. 3d. Because there is no provision of law for the removal of a duly qualified tax assessor by the Governor. 4th. Because there is no such office as tax commissioner under the Constitution and laws of the State of Alabama. 5th. Because the statute under which the Governor acted is unconstitutional and void. 6th. Because said act, under which the Governor acted, violates Article I, section 7 of the Constitution of the State of Alabama. 7th. Because said act violates Article I, section 14 of the Constitution of the State of Alabama. 8th. Because said act violates Article III, sections 1 and 2 of the Constitution of the State of Alabama. 9th. Because said act violates Article V, section 12 of the Constitution of the State of Alabama. 10th. Because said act violates Article VII, section 3 of the Constitution of Alabama." This demurrer was sustained, and to this ruling the respondent duly excepted.

The court rendered judgment excluding the respondent J. M. Nolen from the office of tax commissioner of Coosa county. From this judgment the respondent appeals, and assigns as error the several rulings of the trial court upon the pleadings, and the rendition of judgment excluding the respondent from the office of tax commissioner.

J. E. Cobb and F. L. Smith, for appellant.—*Quo warranto* is not the proper remedy.—*State v. North,* 42 Conn. 80.

The office of tax assessor is not a constitutional office, and the legislature may deal with it at its pleasure. The act of 1886-87, p. 9, does not provide for the removal of the assessor. It suspends him only. It does not provide for the appointment of another assessor, but transfers the duties of the assessor to another person. In this way it provides for the suspension of both the office and its incumbent. This is not a case, therefore, coming within the provisions of the Constitution.—*Ex parte Wiley,* 54 Ala. 226.

Edwin F. Jones, *contra.*—Where the Constitution has prescribed the modes and causes of removal, the

legislature can not interfere and prescribe another mode or other and different causes.—*Brown v. Grover,* 6 Bush. (Ky.), 1; *Bunnells v. State,* Walker (Miss.), 146; *State v. Wiltz,* 11 La. Ann. 439; *Page v. Hardin,* 8 B. Monroe, 648; *Ex parte Hogg,* 36 Texas, 14. The Constitution of Alabama, Article VII, section 3, provides not only the causes which authorize the removal of tax assessors from their office, but it prescribes the modes and the tribunals before which the facts of the case could be determined. These sections and regulations passed in obedience to them furnish the only legal means for removal or suspension of the officers therein enumerated.

The statute makes no provision for notice to the tax assessor, does not provide for him to be heard, either by himself or counsel, requires no copy of the accusation to be given him, does not require or provide that he may be confronted by the witnesses against him, and makes no provisions for compulsory process for witnesses in his behalf. ' It ignores all the rights which the supreme law of the land reserved to all accused of criminal offenses. It clothes an officer who has no power to compel the attendance of witnesses, either for or against the tax assessor, with power and requires him to pass on facts which amount to a criminal trial, and authorizes him to impose a punishment from which no appeal is provided; and is highly penal.—*State v. Buckley,* 54 Ala. 618; *Dullam v. Wilson,* 53 Mich. 392; *Page v. Hardin,* 8 B. Monroe, 672; and authorities cited; *State v. Pritchard,* 36 N. J. L. 101.

The removal for cause is the exercise of judicial power, and under the Constitution, the Governor can not exercise any such power.—*Dullam v. Wilson,* 53 Mich. 392; *Page v. Hardin,* 8 B. Monroe, 692; *State v. Pritchard,* 36 N. J. L. 101.

McCLELLAN, J.—A tax assessor can be removed from office only in the mode prescribed by the organic law, that is, by impeachment under section 3, Article VII of the Constitution.

That provision of the act of February 28, 1887 (Acts, 1886-87, p. 1), which undertakes to authorize the Governor to "suspend" tax assessors, and to appoint tax

[The State *ex rel.* Robertson v. McGough.]

commissioners to perform the duties of assessors so "suspended," and providing that such suspension of an assessor shall continue indefinitely, or, more accurately speaking, perpetually, "unless the General Assembly by joint resolution restore him to his office," is violative of the Constitution and void. The "suspension" provided for is in legal contemplation essentially a removal from office, accomplished, if held to be effective, without impeachment and without the semblance of a trial by jury or otherwise.

As to the procedure in this case: It is manifest that the respondent is in the office, and discharging all the duties of the office from which the relator was thus removed; and it is of no sort of consequence that he is styled "tax commissioner," instead of "tax assessor," which latter in truth and in fact he is under the act; and the relator has properly resorted to the writ of *quo warranto* in respect of the respondent's actual incumbency of the office which the relator is entitled to hold.

We concur in the conclusion reached by the judge of the circuit court; and the judgment must be affirmed.

Affirmed.