STATE EX REL. WILLIAM L. WINDOM v. WILLIAM I. PRINCE
AND OTHERS.[1]

December 17, 1915.

Nos. 19,501—(23).

**City of Duluth — election of municipal judge.**

1. The relator, a candidate for the office of municipal judge under the provisions of the city charter of Duluth determining the election by a preferential system of first, second and additional choice votes, held unconstitutional and void in Brown v. Smallwood, 130 Minn. 492, 153 N. W. 953, was not elected to the office because of having received a plurality of first choice votes, though under the constitutional general election law a plurality elects.

**Election — de jure officers.**

2. The holding that the preferential election was unconstitutional and void does not affect officers elected under the preferential system, or their terms, no contest having been instituted or equivalent remedy sought.

Upon the relation of William L. Windom, the district court for St. Louis county granted its alternative writ of mandamus directed to William I. Prince, mayor, Roderick Murchison, William A. Hicken, and Leonidas Merritt, commissioners, the city council of the city of Duluth, commanding them to declare relator the person who received the highest number of votes at the municipal election in Duluth on April 6, 1915, for the office of judge of the municipal court, to declare him elected and to issue to him a certificate of election, or show cause why they had not done so. Respondents' motion to quash the writ was granted, Cant, Dancer and Fesler, JJ. From the judgment entered pursuant to that order, relator appealed. Affirmed.

*Fryberger, Fulton & Spear,* for relator.

*H. H. Phelps,* for respondents.

DIBELL, C.

Proceeding by the relator, William L. Windom, by mandamus against the respondents, commissioners of the city of Duluth, and by law the

[1]Reported in 155 N. W. 628.

canvassing board, to compel the issuance to him of a certificate of election to the office of municipal judge. The court granted respondents' motion to quash the writ. From the judgment entered the relator appeals.

1. At the April 6, 1915, election, relator and three others were candidates for the office of judge of the municipal court. The votes cast at the election are shown in Brown v. Smallwood, 130 Minn. 492, 153 N. W. 953. It was there held that the preferential system of voting was unconstitutional.

At this election the relator received a plurality of the first choice votes. Captain Smallwood received a plurality of the total of the first, second and additional choice votes. Under the preferential system a candidate was elected by first choice votes only when he received a majority, and by first and second choice votes only when he received a majority; and, if no candidate was so elected, the one receiving a plurality of the total of first choice votes, second choice votes and additional choice votes was elected. For the reasons stated in Brown v. Smallwood, supra, the preferential system was unconstitutional and Captain Smallwood was not elected. This being so the relator claims that he was elected since he received a plurality of the first choice votes.

The preferential system of election was unconstitutional and the election was void. The election should have been held pursuant to the provisions of the general election law as prior thereto it had been. If it had been so held, there would have been only single choice votes, and if the relator had received a plurality he would have been elected. If the general election law had been used there would have been a primary, all candidates except two would have been eliminated, and a nonpartisan judicial ballot would have been used and two official candidates would have had places on it. If so used, as it should have been, not one of the preferential ballots could have been counted. What would have been the result of the election had the constitutional system been used we do not know. No constitutional system of election having been used, no one was elected. If the preferential system had been constitutional Captain Smallwood would have been elected. It not being constitutional, and the constitutional system not being used, Judge Windom was not elected

because of receiving a plurality of the first choice votes cast for four candidates under the unconstitutional law.

We dispose of the question upon the merits, without reference to the propriety of mandamus as a remedy, as did the court and as counsel argue it.

2. To avoid a possibility of misunderstanding we add that nothing here said relative to the invalidity of the preferential election affects those holding under it without a contest, or the terms of their offices. An election was proper to be held, at the time it was held, and officers were to be elected for the terms fixed by law. Those who were elected, the time for contest having gone, are secure in their offices for the terms for which they were elected as they should be. They are *de jure* officers beyond the reach of *quo warranto* or other proceeding.

Judgment affirmed.