157 So. 219

**SPRINGER v. STATE ex rel. WILLIAMS.**

**8 Div. 616.**

Supreme Court of Alabama.

Oct. 19, 1934.

Horace C. Wilkinson, of Birmingham, and Merwin T. Koonce, of Florence, for appellee.

Andrews, Peach & Almon, of Sheffield, and Bradshaw & Barnett, of Florence, for appellant.

KNIGHT, Justice.

Quo warranto brought by the state of Alabama on relation of Homer E. Williams and Homer E. Williams against A. R. Springer, seeking to oust the latter from the office of county superintendent of education of Lauderdale county.

The proceeding presents for determination by the court the constitutionality of the act, approved February 17, 1931 (Local Acts 1931, p. 7), providing for the election of a county superintendent of education for Lauderdale county. Without said act, the county superintendent of education was appointed by the county board of education, as provided in section 138 of the Alabama School Code of 1927.

The cause was submitted in the lower court for judgment on the petition or complaint, demurrers thereto by the respondent, Springer, on answer of said respondent, and on an agreed statement of facts. The court overruled the respondent's demurrer, and entered judgment of ouster against said Springer, and adjudging that the said Homer E. Williams was entitled to the office. From this judgment the present appeal is prosecuted by the respondent, Springer.

It appears that the respondent, appellant here, was duly and legally appointed superintendent of education of Lauderdale county, Ala., on the 23d day of May, 1930, by the county board of education of said county for a term of four years, and duly qualified as required by the Constitution and laws of the state of Alabama; that he assumed the duties of said office on July 1, 1930, and remained continuously in the possession of said office, exercising the functions thereof, until the expiration of the term for which he was so appointed; that on June 30, 1934, the said Springer was reappointed county superintendent of education of Lauderdale county for a period of two years from July 1, 1934, the county board of education taking the position, and being of the opinion, that the act now before us was unconstitutional in toto. It also appears that, under his new appointment, the appellant again qualified as county superintendent of education, and, at the time of the filing of the present proceedings, was holding said office, assuming to act as county superintendent of education, and denying the right of the said Williams to said office.

It also appears that under the supposed authority of the act now before us, at the general election held in Lauderdale county in November, 1932, an election was held to fill the office of county superintendent of education for said county. At said election, Homer E. Williams received a majority of the votes cast for county superintendent of education of said county, and was duly declared elected to said office. It also appears that upon his election Mr. Williams duly qualified, as required by the Constitution and laws of the state of Alabama, to enter upon the execution of the duties of said office, but his right thereto was denied by appellant, who has continued in the possession of the same. In his petition or complaint, Mr. Williams duly sets forth his title to the office, and prays that judgment awarding the same to him be entered.

■ If the act in question offends any provision of the Constitution, it is by reason of the provisions of the second section of the same, which provided for the election of a county superintendent of education at the general election in 1932, to take office on the first Monday in January, 1933, and which was a time confessedly within the term of office of the appellant; the effect being to oust the appellant from an office to which he had been appointed for a fixed term, and before the expiration of his term. It was not within legislative competence, of course, to enact any statute, the effect of which was wholly to oust an incumbent before the expiration of his fixed term. This because appellant was protected by section 175 of the Constitution, and could only be removed by impeachment. Nolen v. State, 118 Ala. 154, 24 So. 251; Dennis v. Prather, 212 Ala. 449, 103 So. 59; McMurray v. County Board of Education, 216 Ala. 144, 112 So. 644; Petree v. McMurray, 210 Ala. 639, 98 So. 782; Bradford v. State ex rel. Esslinger, 226 Ala. 342, 147 So. 182.

That the provision of the second section of the Local Act in question, in so far as it attempted to oust the appellant from office before the expiration of his fixed term offended section 175 of the Constitution, is conceded. It was so conceded by Mr. Williams, as he made no effort to take over the office during the term for which appellant was elected, and it was not until after the expiration of appellant's term on July 1, 1934, did Mr. Williams assert his right to the office.

■■ It is insisted by appellant that the unconstitutional provision of the second section of the act rendered the entire act unconstitutional and void. It is urged, however,

by the appellee that this void provision, fixing the date upon which the person elected at the general election in 1932 should assume the duties of the office of county superintendent of education, may be deleted from the act, and wholly disregarded, and the act upheld as to all other provisions; that, after the deletion of the unconstitutional provision, the act would still be complete in its design and effective in its operation, within the legislative purpose.

The dominant, major purpose of the act was to provide for an elective county superintendent of education for Lauderdale county. This is clearly shown by the caption and first section of the act. As to this fact, we assume there can be no difference of opinion; that the subject-matter of the act—changing the mode of selecting the county superintendent of education from appointive by the county board of education to an election by the people—was within legislative competence is clear. Inherently, the act violated no provision of the Constitution. Had there been no person in possession of the office with a fixed term, there could be no question but that the act in its entirety would be good, and it is only because of a present holder of the office of county superintendent of education, with a fixed term, that the act, as to its immediate operation, became unenforceable; or, to express it otherwise, as to such holder violated section 175 of the Constitution.

Appellant relies largely upon the case of Petree v. McMurray, supra, and cases in line therewith, to sustain his contention that the provision contained in the act to the effect that the person elected county superintendent of education, at the general election in 1932, should assume office on the first Monday in January, 1933, being void as to the then holder of the office, rendered the entire act void.

We are of the opinion that there has been a misconception as to the extent of our holding in the Petree case, supra. The effect of our decision in that case was and is that, as against the right of the then holder of the office of county superintendent of education, with a fixed term, the Legislature was powerless, by reason of section 175, to oust the incumbent before the expiration of his fixed term. This court did not, in that case, strike down the entire act because of this unconstitutional provision. We held that the provision of the act, in so far as it attempted to oust the then holder of the office of county superintendent of education with a fixed term, was violative of section 175

of the Constitution. No other question was considered in the case, and certainly the constitutionality of the act, prospectively with the unconstitutional provision deleted, was not considered or passed upon.

The Petree Case, supra, was rested or grounded largely upon the case of Nolen v. State, 118 Ala. 154, 24 So. 251. This latter case dealt with an act of the Legislature which undertook to authorize the Governor to suspend tax assessors, and to appoint tax commissioners to perform the duties of assessors so suspended, and which provided that such suspension should continue indefinitely, unless the general assembly by joint resolution should restore him to office. The court held in that case that the suspension was in legal contemplation a removal from office, accomplished, if held to be effective, without impeachment; that the act was therefore null and void as being violative of section 3 of article 7 of the Constitution. The act so held bad had but one purpose. When that purpose failed by reason of the constitutional inhibition, the entire act, of course, fell.

So in the case of Williams v. State ex rel. Schwarz, 197 Ala. 40, 72 So. 330, which is another case cited by Judge Sayre to support the holding in the Petree Case, supra, the court was dealing only with the fourteenth section of the statute creating a commission form of government for the city of Mobile. The decision of this court held section 14 of the act violative of section 175 of the Constitution, and therefore void. There was, of course, no thought or suggestion that, by this holding of the court, the entire act was destroyed. So we think we are correct in taking the position that there is nothing in the Petree Case to justify the conclusion that the entire act there dealt with was declared null and void.

In the case of State ex rel. Crumpton v. Montgomery et al., Excise Commissioners, 177 Ala. 212, 59 So. 294, 302, this court, speaking through Mr. Justice McClellan, held: "An enactment may be valid in part and invalid in part, and the general rule is that, if the valid and invalid parts are independent of each other, separable, and the valid competent to stand without the invalid, leaving an enactment sensible and capable of being executed, the valid parts will survive and the invalid will be stricken. Powell v. State, 69 Ala. 10; Doe ex dem. Davis v. Minge, 56 Ala. 121; State v. Davis, 130 Ala. 148, 30 So. 344, 89 Am. St. Rep. 23; 36 Cyc. pp. 976–978. It is also to be said, in the nature of limitation of the rule stated, that the whole statute will be

stricken if the valid and invalid parts are so connected and interdependent in subject-matter, meaning, and purpose that it cannot be presumed that the Legislature would have passed the one without the other, or where the striking of the invalid would cause results not contemplated or intended by the lawmakers, or where that invalid is the consideration or inducement of the whole act, or where the valid parts are ineffective and unenforceable in themselves, according to the legislative intent." To the same effect is our holding in the recent case of Union Bank & Trust Co. v. Blan, State Treas., 155 So. 612.

The foregoing rule of construction and interpretation is supported by a long line of decisions of this court, as well as elsewhere. It is sound and salutary, tends to promote the ends of justice, and to preserve the law.

It is certain that the act could not take effect during the then term of Mr. Springer. Nor did Mr. Williams, who was elected at the general election in 1932 county superintendent of education of Lauderdale county, under the supposed authority of the act in question, undertake to assert any right to the office until the term of Mr. Springer had expired, but, upon the expiration of Mr. Springer's then term, he undertook to take possession of the office.

The question of paramount and controlling importance in the case is, if the invalid part of the act is deleted from the act, does it leave an act complete, sensible, and capable of being executed? If the act thus deleted of the invalid part is competent to stand without the invalid part, and leaves an enactment complete within itself, sensible, and capable of being executed, it will stand, unless the two parts—the valid and invalid—are so inseparable as to raise the presumption that the Legislature would not have enacted the one without the other. State v. Carter, 174 Ala. 266, 56 So. 974, 977; Union Bank & Trust Co. v. Blan, State Treas., supra; Harper v. State, 109 Ala. 28, 19 So. 857.

The authorities seem to recognize the divisibility of a term of public office.

In 6 R. C. L. p. 133, § 132, we find the following statement in the text relating to statutes affecting public offices: "It has been held that the right and title to occupy a public office may be severed from the provisions in the same statute which define the powers of the incumbent of such office, and that a part of the term of an office which is invalid may be severed from that part of the term which is within constitutional requirements."

And in the case of Sinking Fund Com'rs v. George, 104 Ky. 260, 47 S. W. 779, 84 Am. St. Rep. 454, it was held that, where a state Constitution required the Legislature in creating offices to limit the term to four years, a law creating an office with a six-year term would be upheld to the extent of allowing the incumbent to occupy the office for four years.

To the same effect is the holding of the Minnesota Supreme Court in the case of State ex rel. William L. Windom v. William I. Prince, 131 Minn. 399, 155 N. W. 628.

In the case of Clark v. State ex rel. Graves, 177 Ala. 188, 201, 202, 59 So. 259, 264, the following statement of the law from Throop on Public Officers, § 311, is quoted with approval by the learned justice who prepared the opinion in the case for the court: "Where the Constitution fixes the term of an office at four years, an act of the Legislature providing for an election to fill the office, and limiting the term of the officer to be elected to two years, is void as to the limitation, constitutional and valid as to the residue, and the person so elected holds for four years."

As we see it, the fact that the Legislature was prohibited by section 175 of the Constitution from abridging the term of Mr. Springer did not render the entire act unconstitutional. That part of the elective officer's term would be lost to him, which was included in the term of Mr. Springer. The act would be valid and operative after the expiration of Mr. Williams' term.

In the case of State of Texas v. Galveston, Harrisburg & San Antonio R. Co., 100 Tex. 153, 97 S. W. 71, 78, it was said by the Texas Supreme Court: "The defendants in error claim that because the Legislature could not impose the tax for the portion of the year which expired before the law became effective, it cannot be enforced for any portion of the taxes for the year 1905. The fact that the Legislature had no power to levy the tax for the time anterior to that at which the law took effect does not render it void as a whole; but the court will give effect to it for that proportion of the time which expired after it became effective; that is, the court will sustain the tax so far as the Legislature had authority to impose it. San Antonio v. Berry, 92 Tex. 325, 48 S. W. 496."

The case of State v. Hawkins (Ala. Sup.) 155 So. 692,[1] is clearly distinguishable from the instant case, in that the act, in the Hawkins Case, purported to amend only one section of the Code, while the body of the act also amended another section of the Code,

---

[1] Ante, p. 144.

344

and which said section, omitted from the title, was broader and more material than the section set out in the title. A majority of the court did not feel that the Legislature would have passed the act, with so much as dealt with the section not included in the title stricken therefrom.

We are of the opinion, and so hold, that so much of the act in question which undertook to abridge the term of Mr. Springer offended section 175 of the Constitution, and was therefore unconstitutional and inoperative, but that this part of the act may be stricken, and the act operative thereafter; that this can be done, and leave the act complete, sensible, and operative within the legislative intent. It is our opinion and conclusion that, upon the expiration of the term of Mr. Springer, Mr. Williams was entitled to the office of county superintendent of education of Lauderdale county, with the right to hold the same until the expiration of the term as provided by law; and that his successor must be elected at the general election in 1936, to assume office at the expiration of Mr. Williams' term; that so much of Mr. Williams' intended term which was included in the term of Mr. Springer must be deducted from his four-year term.

It follows, therefore, that the judgment of ouster entered in this cause, and adjudging Mr. Williams to be entitled to the office of county superintendent of education, is affirmed. There is no other question of substantial merit in the case.

Affirmed.

All the Justices concur.