72 So.2d 61

STATE ex rel. BOZEMAN et al.

v.

HESTER.

8 Div. 755.

Supreme Court of Alabama.

April 15, 1954.

W. F. McDonnell and Clopper Almon, Sheffield, for appellants.

Leo Berryman, Jr., Tuscumbia, and Ernest B. Fite and Rankin Fite, Hamilton, for appellee.

MERRILL, Justice.

This is an appeal from a final judgment of the Circuit Court of Colbert County in an action in the nature of a quo warranto. Mr. James T. Bozeman, the relator, charged in his complaint that there was no valid law authorizing the office of County Commissioner of Public Schools and in the alternative that if said office legally exists, the appellee unlawfully intruded into and holds the same.

Mr. Bozeman was elected and qualified as Superintendent of Education for Colbert County for a term of office beginning on July 1, 1951, and ending on June 30, 1955. At its Regular 1953 Session the Legislature of Alabama passed and adopted and on the 24th day of July, 1953, the Governor of Alabama approved Act No. 227, Acts of Alabama 1953, p. 293, which will be set out by the Reporter.

This Act was advertized and passed as a local act relating only to Colbert County. Pursuant to its provisions, the Governor of Alabama appointed the appellee, Mr.

Wade Hester, as Commissioner of Public Schools of Colbert County, Alabama, and issued to him a commission. The purpose of this proceeding is to test Mr. Hester's right to hold the office to which he was appointed.

Appellee demurred to the complaint and the demurrer having been overruled, he filed an answer, alleging that he holds the office of Commissioner of Public Schools for Colbert County by appointment of the Governor under said Act No. 227. The appellant demurred to this answer and his demurrer having been overruled, the cause was submitted on a stipulation of facts, the last two sections of which are as follows:

"7. If the said Act No. 227 is a valid and constitutional act, defendant, Wade Hester, is qualified to hold the said office of Commissioner of Public Schools for Colbert County, Alabama.

"8. No point is made as to the regularity of the procedure in this case and the only question between the parties is as to the validity and constitutionality of the said Act No. 227."

Judge Hughston wrote an excellent and comprehensive opinion upholding the constitutionality of the Act in question and the judgment of the court was in favor of the defendant. The appeal is from that judgment.

Appellant argues that Act No. 227 is unconstitutional because it violates §§ 105, 175 and 45 of the constitution and that the act to which it refers, Act No. 702, Acts of Alabama of 1951, Code 1940, Tit. 62, § 3(1), is unconstitutional and, therefore, Act No. 227 is unconstitutional.

■ In an advisory opinion requested by the House of Representatives, we said the proposed Act did not violate § 105 of the Constitution; that it did not violate subsections (9), (24) or (29) of § 104 of the Constitution, and that it did not violate § 175 of the Constitution, in that the term of the incumbent County Superintendent of Education of Colbert County was abridged. Opinion of the Justices, 259 Ala. 329, 66 So.2d 779. That opinion, however, was not the opinion of the Supreme Court and binds neither the justices nor the department or officer requesting the opinion. It was merely advisory—consultative only. In re Opinion of the Justices, 254 Ala. 177, 47 So.2d 655.

■ In Morgan County v. Edmonson, 238 Ala. 522, 192 So. 274, 276, we said:

"It is of course a well settled rule that in determining the validity of an enactment, the judiciary will not inquire into the motives or reasons of the legislature or the members thereof. 16 C.J.S., Constitutional Law, § 154, p. 487. 'The judicial department cannot control legislative discretion, nor inquire into the motives of legislators.' City of Birmingham v. Henry, 224 Ala. 239, 139 So. 283. See, also, State ex rel. Russum v. Jefferson County Commission, 224 Ala. 229, 139 So. 243; * * *."

■ It is our solemn duty to uphold a law which has received the sanction of the Legislature, unless we are convinced beyond a reasonable doubt of its unconstitutionality. Yeilding v. State ex rel. Wilkinson, 232 Ala. 292, 167 So. 580.

We shall first consider the contention in reference to Act No. 702, General Acts 1951, p. 1210. The title is as follows:

"An Act Relating to counties having a population of not less than thirty-eight thousand eight hundred nor more than thirty-nine thousand five hundred inhabitants; creating a School Building Commission in any such county, prescribing its powers, duties, and authority, and providing that such Commission shall have exclusive power to expend funds accruing to the County Board of Education or any other county agency for the construction, equipment, and maintenance of public school buildings."

Act No. 702 contains one sentence which might merit our notice as showing its pur-

pose: "The Commission shall exist only for four years after the passage of this bill the period of time necessary to perform the duties imposed upon it by this Act, as follows: to locate, plan, construct, equip, and maintain public school buildings in the county." Section 3 of Act No. 227 conferred upon the Commissioner of Public Schools the same duties which Act No. 702 had conferred upon the County School Building Commission of Colbert County (the members of the County Board of Education).

■ We do not feel that we are called upon, or that it is necessary, to decide the constitutionality of Act 702, passed as a general bill with local application. For purposes of deciding the question before us, the constitutionality vel non of Act No. 227, we shall assume, without conceding, as we did when we rendered our advisory opinion, that Act No. 702 is to be considered as unconstitutional or mere surplusage. If unconstitutional, which we do not decide, reference to it in Act 227 would not render the latter unconstitutional. In Harris v. State ex rel. Williams, 228 Ala. 100, 151 So. 858, 862, where the Act of 1931 referred to the Act of 1923, which it was contended was unconstitutional, we said:

"* * * If such latter act is complete in itself as fully evidencing the whole of the legislation there intended to be covered, with a title which indicates its subject, it is a valid enactment for its own purpose, though in order to make its subject-matter clear it may refer to an act which has been repealed or is unconstitutional in whole or in part. It does not purport to revive a dead act, but creates a new one, complete and definite, in full compliance with the requirements of the Constitution."

See Springer v. State ex rel. Williams, 229 Ala. 339, 157 So. 219, where the court held that the fact that the legislature was prohibited by § 175 of the Constitution from abridging the term of Superintendent of Education Springer, did not render

the entire act unconstitutional. We, therefore, proceed to consider Act No. 227 without any further mention of or attention to Act No. 702. Compare Tayloe v. Davis, 212 Ala. 282, 102 So. 433, 40 A.L.R. 1052.

As to the contention that Act No. 227 violates § 105 of the Constitution, we refer to the case of Walker County v. Barnett, 247 Ala. 418, 24 So.2d 665, 668, where the term of the tax collector of Walker County was reduced from six years under the general law to four years by a local law, H.B. 624. After discussing and citing many cases this court said, "House Bill 624 is not offensive to section 105 of the Constitution of 1901." See Hall v. Underwood, 258 Ala. 392, 63 So.2d 683.

■ In Steadman v. Kelly, 250 Ala. 246, 34 So.2d 152, 156, we quoted from Talley v. Webster, 225 Ala. 384, 143 So. 555, saying: "We need not review the numerous cases construing this section [105]. Suffice it to say it does not inhibit the passage of local laws on subjects, not prohibited by Section 104, merely because such local law is different, and works a partial repeal of the general laws of the State in the territory affected." See also State ex rel. Austin v. Black, 224 Ala. 200, 139 So. 431, where a local act changing the method of electing the County Superintendent of Education was held not to violate Section 105. We are agreed that Act No. 227 does not violate Section 105 of the Constitution.

■ It is next argued that Act No. 227 violates § 175 of the Constitution, in that it abridged the term of the office of the Colbert County Superintendent of Education, an office which comes under the protection of § 175. Cited in support of this contention are Springer v. State ex rel. Williams, 229 Ala. 339, 157 So. 219, and Petree v. McMurray, 210 Ala. 639, 98 So. 782. These cases are based to some extent upon the case of Nolen v. State ex rel. Moore, 118 Ala. 154, 24 So. 251. That case is clearly distinguished from one similar to the case at bar in Hawkins v. Roberts & Son, 122 Ala. 130, 27 So. 327, 330, where the court, speaking of an act

abolishing the office of county commission and creating the board of revenue, observed:

"* * * It is a familiar principle that all legislative power resides with the general assembly except wherein it is forbidden by the Constitution to be exercised, and with the legislature rests the creation of public offices not created by the constitution, which are deemed to be for the public good in the administration of the affairs of the state, and to abolish them at pleasure. In the absence of express inhibition in the constitution, the power of the legislature in this respect is supreme. 'If the constitution creates an office, prescribes its duties, and the mode of appointment (of its incumbent), it is not competent for the legislature to create another officer to discharge the same duties, and direct his appointment in a different manner.' Ex parte Lambert, 52 Ala. 79.

"In Perkins v. Corbin, 45 Ala. 103, it was held that the general assembly might abolish an inferior court, of its own creation, and that the abolition of the court abolished also the office of its judge and deprived him of further compensation. We have been referred to no authority holding to a different doctrine. Wherever it might seem to be questioned, reference was had to offices of constitutional and not of legislative or statutory creation.

"The provision for the impeachment of state and county officers, other than those created by the constitution, is in no just sense an inhibition on the power of the legislature to abolish offices of its own creation. Such a contention has no other foundation, as it seems to us, than a supposed inhibition of the exercise of legislative power, rested upon a remote presumption of intention on the part of the framers of the constitution to forbid. There is no repugnancy between the provision for the impeachment of county officers as provided in the constitution, and the exercise by the legislature of

the power of abolishing statutory offices and their incumbents with them. The mere existence of the one does not inhibit the existence and exercise of the other. But, this is not a new question with us. It has been passed on heretofore, after mature consideration. * * *

"There is not, as supposed, any conflict between these cases, and the one of Nolen v. State [ex rel. Moore, 118 Ala. 154] 24 So. 251. There the office was retained and the officer removed. Here the office of the court of county commissioner was abolished, and necessarily the term of office of the members of the court expired with it."

The appellant concedes in brief that the instant case differs in the above respect with the Springer and Petree cases, supra.

In our advisory opinion on this Act we said that the then bill did not violate Section 175 of the Constitution and cited Tucker v. State ex rel. Poole, 231 Ala. 350, 165 So. 249, 254, which case cites Hawkins v. Roberts & Son, supra, and quotes from it as follows:

"* * * 'The appellants accepted their offices, with the knowledge that they were statutory, and like all such offices were within the uncontrolled discretion of the legislature as to their continuance.' "

But the appellant contends that the Tucker case, supra, is not applicable because of the following sentence in that case:

"But that is not the act here in question, as this act abolished the office of the county board of education, and establishes in lieu thereof a county school commission with the same powers as the old board, *but with new duties and powers, material and significant*. This the legislature had the right to do." [Emphasis supplied.]

When we were considering the request for advisory opinion we had occasion to compare the provisions of the local act in the Tucker case with the provisions of the School Code of 1927, which was the

law governing county school boards at that time. We have again compared them and we find that the local act authorized no material and significant new duties and powers, and it was our opinion then, as now, that the emphasized phrase was inadvertently placed in that opinion and thus cannot be held to be an important factor or distinguishing feature of that decision.

In State ex rel. Ward v. Henry, 224 Ala. 224, 139 So. 278, 281, we said:

"It is sufficient to say section 175 deals only with the matter of removal from office, the office itself remaining. It expressly covers officers of statutory creation, provided the office has a fixed term. So, the mention of tax assessor and tax collector, in the list of officers removable only by impeachment, by no means constitutes theirs constitutional offices which may not be abolished by the Legislature. The power to abolish an office is as plenary as the power to create it.

"The right to hold office for a fixed term is subject to the continued existence of such office. Even where the duties of the office are to be prescribed by the Legislature, the power to increase or decrease the duties thereof is a necessary incident. Thompson v. Holt, 52 Ala. 491, 504."

Also in Morgan County v. Edmonson, supra [238 Ala. 522, 192 So. 277], where the county governing body was changed to a Board of Revenue and Control, this court said: "The office these members held under the local Act of 1919 has been abolished, and of consequence they could no longer be incumbents thereof. The Legislature could have named others, and the members of the abolished board could offer no just complaint." See Byrd v. State ex rel. Colquett, 212 Ala. 266, 102 So. 223.

It is next contended that Act No. 227 violates Section 45 of the Constitution in that it contains more than one subject and its subject is not clearly expressed in its title.

We cannot agree. The object of the constitutional provision has been held to be three fold, first, to fairly apprise the people, through such publication of legislative proceedings as is usually made, of the subjects of legislation that are being considered, and in order that they may have the opportunity of being heard thereon, by petition or otherwise, if they shall so desire; second, truly to inform members of the legislature who are to vote upon the bill, what the subject of it is so that they may not perform that duty, deceived or ignorant of what they are doing; and third, to prevent the practice of embracing in one bill several distinct matters, none of which, perhaps could singly obtain the assent of the legislature, and then procuring its passage by a combination of the minorities in favor of each of the measures, into a majority that will adopt them all. Lindsay v. United States Savings & Loan Ass'n, 120 Ala. 156, 24 So. 171, 42 L.R.A. 783; Walker v. Griffith, 60 Ala. 361.

A reading of the title of the act here shows clearly the intention and it could hardly be expressed in plainer terms. True, the title shows that the act abolishes the office of County Superintendent of Education and creates in lieu thereof the office of County Commissioner of Public Schools of Colbert County, but this feature of an act does not mean that it has two subjects within the meaning of Section 45 of the Constitution. The Court, considering this subject in Hawkins v. Roberts & Son, supra, said [122 Ala. 130, 27 So. 330]:

"* * * It thus appears, that this board is charged with the exercise of all the powers and duties of courts of county commissioners, with these additional powers, duties and limitations put upon them. The existence of the one is inconsistent with the existence of the other. If the new law is a valid enactment, it was as effectual to abolish the court of county commissioners without, as with a provision to that effect in its body. The fact, therefore, that it contained such a provision was

574

unnecessary to effect the abolishment of that court, and wholly innoxious under any view of the case. But, irrespective of this view, the position is entirely correct, and as well established as any proposition of law can be, that the provision abolishing the commissioners' court, and the reference to that matter in the title of the act, was referable and cognate to the general subject of creating the board, that. it is germane and a complement thereto, and was proper to make a complete enactment in regard to the subject-matter in hand. Neither the title nor the act refer to two, but merely to one legislative subject. It would be a useless consumption of time, to attempt to make this more plainly appear than we have heretofore done in numerous adjudications, some of them directly in point. * * *"

See also Byrd v. State, supra [212 Ala. 266, 102 So. 227], where we said:

"The act as passed is original and not amendatory in form, is complete and intelligible within itself, and refers to the general law merely to define its subject-matter and field of operation. Under our decisions it is not clearly within the provisions of section 45 requiring amendatory acts to reenact and set out at length so much as is amended (citing cases)."

See also Johnson v. Robinson, 238 Ala. 568, 192 So. 412.

In his opinion in this cause, the trial court said:

"The purpose of the Court, in this proceeding, is not to render a declaratory judgment as to the rights and duties under and by virtue of said Act 227 and suffice it to say that in reading the act and considering the same the provisions contained therein do not appear to be so irreconcilable and conflicting whereby an absolute unworkable situation is created to the extent that said Act should be held unconstitutional on that ground."

We agree with this finding. It therefore follows that the judgment of the circuit court should be and is affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.