## THORWALD H. HAGEN AND OTHERS v. CONSOLIDATED SCHOOL DISTRICT NO. 111-74 OF DAKOTA AND SCOTT COUNTIES AND OTHERS.[1]

July 6, 1923.

No. 23,495.

**Issue of school district bonds authorized.**

1.  By G. S. 1913, §§ 1879-1888, provision is made for the issuance of school district bonds to be sold to the state. The statute is complete in itself and is the controlling law. The proposition to issue bonds is carried by a majority of the electors voting at the election as provided in the statute.

**Variance between notice of election and ballots unimportant.**

2.  The notice of election stated that the bonds were to be used for "building and equipment, including busses." The ballots stated that they were to be used for "building and equipment." The variance does not affect the validity of the election or of the bonds.

**Election valid though judges of election were unsworn.**

3.  The judges of election were not sworn. The omission does not affect the validity of the election.

Action in the district court for Dakota county to restrain defendants from executing, issuing and selling the bonds of defendant school district. From an order, Johnson, J., denying their motion for a temporary injunction, plaintiffs appealed. Affirmed.

*Silas M. Bryan* and *George S. Grimes*, for appellants.

*George T. Simpson* and *W. H. & H. W. Gillitt*, for respondents.

DIBELL, J.

The plaintiff appeals from an order denying his application for a temporary injunction restraining the defendant school district from issuing and selling its bonds to the state.

1. The first question is whether the proposition to issue bonds submitted to the voters of the district was carried. One hundred

[1] Reported in 194 N. W. 756.

and thirteen votes were cast, 66 in favor of the bonds and 47 against. There was a majority in favor of the proposition. There was not a two-thirds vote. The plaintiff claims that a two-thirds majority was necessary.

We find it unnecessary to construe R. L. 1905, § 783, effective from March 1, 1906 (R. L. 1905, § 5504), now embodied in G. S. 1913, § 1854, nor Laws 1905, p. 407, c. 272, now embodied in G. S. 1913, § 1968, nor Laws 1921, p. 259, c. 209, amending G. S. 1913, §§ 1854-1855, and providing that it should not affect Laws 1905, p. 407, c. 272. The plaintiff claims that these statutes require a two-thirds majority. We make no intimation that they do. For reasons now to be stated a consideration of them is unnecessary.

In 1907 the legislature authorized municipalities, including school districts, to issue and sell their bonds to the state. Laws 1907, p. 133, c. 122. This act is embodied in G. S. 1913, §§ 1879-1888. Section 1884 provides for the issuance of bonds if at the election "a majority of the electors voting thereat" shall vote in favor of the proposition. Laws 1921, p. 259, c. 209, does not expressly repeal the 1907 act nor does it contain a general clause repealing inconsistent acts. The act of 1907 is complete in itself. It is not repealed by implication. When school bonds are to be issued and sold to the state it is the controlling law. A majority vote is sufficient to authorize the issuance of bonds to be sold to the state.

2. The notice of election stated the bonds were to be used "for building and equipment, including busses." The ballots stated that the proceeds of the bonds were to be used for "building and equipment." The variance does not affect the validity of the election or of the bonds.

3. The judges of election were not sworn. The validity of the election is not affected by the omission. Taylor v. Taylor, 10 Minn. 81 (107).

Order affirmed.

Stone, J., took no part.