# ARCHIE D. McLELLAN v. E. F. STEVENS AND OTHERS.[1]

February 21, 1929.

No. 26,940.

See 2 R. C. L. 202; 1 R. C. L. Supp. 443; 4 R. C. L. Supp. 91; 5 R. C. L. Supp. 81; 6 R. C. L. Supp. 75; 7 R. C. L. Supp. 37.

*David H. Spanier,* for appellants.
*Douglas, Kennedy & Kennedy,* for respondent.

HILTON, J.

Defendant appeals from a judgment.

Plaintiff's action is to recover $33,972 claimed to be due as his share of the profits in certain paving contracts. Defendant denied all liability, claimed plaintiff had been overpaid, demanded an accounting, and counterclaimed for such amount as might be ascertained to be due it. The case was tried to the court without a jury and judgment entered in plaintiff's favor for $7,300.95. No motion was made for a new trial. There are only two assignments of error: (1) That the evidence does not sustain the findings of fact and conclusions of law; (2) that the court erred in making such findings and conclusions.

Defendant, a copartnership, was engaged in the general contracting business and, prior to the arrangement made with plaintiff,

[1]Reported in 223 N. W. 770.

420

had never done any paving work with its own equipment. Plaintiff, since 1910, had been a road, bridge and street contractor. He figured on jobs, made estimates and superintended work. In the spring of 1923 plaintiff and defendant entered into an oral contract. There is a dispute as to what the agreement was. The court found that the parties entered into an oral contract to engage in the paving business; that plaintiff was to figure on road paving work and work incidental thereto, submit bids therefor, and give the necessary supervision on the jobs awarded; that said bids were to be submitted in the name of Stevens Bros; that plaintiff was to receive 40 per cent of the net profit from all of such work and defendant 60 per cent of said net profit; that pursuant to said agreement ten jobs (naming them) were awarded to defendant, or to defendant and others upon joint bids; that the net profits (listing them) on the jobs amounted to $40,456.75, excluding overhead expenses and premium on bonds; that the net profit received on account of bond discounts was $7,235.28, and that the total amount of the overhead was $5,128.63; that said overhead charges were reasonable and proper but that plaintiff was not entitled to any part of said discount on bonds, and that the overhead expenses were to be deducted before computing plaintiff's 40 per cent; that plaintiff's percentage of the net profits amounted to $16,182.70, of which he had received $9,260.38, leaving a balance due him of $6,922.32 and interest, which with costs and disbursements constituted the amount of the judgment.

The evidence showed that originally it was intended by the oral contract that paving machinery and equipment were to be purchased, paid for by defendant, and that plaintiff should make reimbursement to the extent of 40 per cent of the cost out of his share of the profits. Defendant did not make such purchase. On all of the jobs not in dispute here, no actual construction was done by Stevens Bros. When these jobs were secured the various portions thereof were let to subcontractors and the profits resulted from such favorable sublettings. On such jobs plaintiff did a large amount of supervising, inspection, and other work. As to the disputed jobs,

the bids put in were joint bids, made in the name of Stevens Bros. (plaintiff signing for it) and another contractor. Work on such jobs was done by the other contractor, and Stevens Bros. received five per cent of the gross amount for which the contract was taken. Manifestly, on these jobs but little work was required of plaintiff, but he did what little there was. Because of the minimum of work done by plaintiff, defendant claimed he was not entitled to any share. Plaintiff's 40 per cent of the profits on the joint disputed jobs amounted to a large sum for the small amount of work done by him, but defendant's 60 per cent was equally large for the minimum amount that it did.

There was a direct conflict in the evidence supporting the views of the parties hereto. The court agreed with plaintiff's view. There was a feature of the evidence that strongly indicated its correctness. Plaintiff did some investigating work for defendant on other jobs, not here covered, as an accommodation, for which no claim of an interest therein was made. In these matters his expenses were not charged up to any paving jobs. In the matter of the disputed jobs, as well as the undisputed jobs, such expenses were charged up to paving contracts.

The foregoing calls attention to a few of the reasons that might have led the court to reach the conclusion that it did in addition to other evidence for plaintiff. There was ample in the case to justify the court in holding that there was a joint venture, the two parties to it being plaintiff and defendant partnership. The venture was the paving business. In a case tried by the court without a jury, the findings of the trial court will not be disturbed unless the evidence, considered as a whole, will not reasonably sustain them.

Judgment affirmed.