IN RE SPECIAL ELECTION IN ŠCHOOL DISTRICT NO. 68, FARIBAULT COUNTY.

W. T. BOYES AND ANOTHER, APPELLANTS.[1]

June 19, 1931.

No. 28,523.

---

[1]Reported in 237 N. W. 412.

 

*Meighen, Knudson & Sturtz,* for appellants.
*Frundt & Morse,* for respondent.

DIBELL, J.

On November 20, 1930, a special election was held in school district No. 68, Faribault county, on the question of issuing $120,000 in bonds to the state to be used in the erection of a schoolhouse. The result was in favor of the bond issue on a vote of 421 for and 381 against. W. T. Boyes and John. L. Brown contest the election in accordance with the provisions of G. S. 1923 (1 Mason, 1927) § 488. The court made findings and conclusions of law in favor of the school district. The contestants appeal from the judgment entered for the school district pursuant to the findings and conclusions.

The school district by a majority vote passed a so-called resolution of expediency for which provision is made by G. S. 1923 (1 Mason, 1927) § 1962, stating that in its opinion it was expedient to issue to the state $120,000 in bonds, bearing interest at the rate of four and one-fourth per cent, for the building and equipment of a schoolhouse. This section requires a notice of special election upon the proposition of issuing the bonds, stating among other things the interest rate, the notice to be posted in three public places and published twice. The first published notice stated that the rate was four and one-half per cent. The second published notice and the three posted notices stated the rate to be four and one-fourth per cent. So did the bond ballot. The defect stated is the only one. There was no fraud. There was an irregularity. The things other than the correct rate of interest in the first publication and all things required, including the correct rate, were in the second publication and the three posted notices.

The requirements of the statute are mandatory. There must be a substantial compliance. Not every irregularity or fault avoids

an election. We do not minimize the importance of insisting that an election law be observed in its essentials. We do not overemphasize the claim of the school district that the mistaken naming, in one published notice, of the rate as four and one-half instead of four and one-fourth, if observed by the voters, would have a tendency to defeat rather than carry the proposition submitted; and that since it was carried the appellants do not show prejudice. It was no more in any event than an irregularity. The result seems a fair expression of the will of the voters and should not be disturbed lightly. Lodgord v. East Grand Forks, 105 Minn. 180, 117 N. W. 341 (official designated as city recorder instead of city clerk); Sorenson v. School Dist. No. 28, 122 Minn. 59, 141 N. W. 1105 (date of maturity of bonds); Backus v. City of Virginia, 123 Minn. 48, 142 N. W. 1042 (resolution not approved at first publication). The irregularities in these three cases are different but apparently as important.

The contestants cite Hamilton v. Village of Detroit, 85 Minn. 83, 88 N. W. 419. In that case the petition was signed by an insufficient number of voters and freeholders. There was no foundation for instituting the election proceeding—in a loose sense no jurisdiction. The contestants rely upon State ex rel. Stanford v. School Dist. No. 1, 15 Mont. 133, 38 P. 462, and it is of force. But there the notice wholly omitted to state the rate of interest, the time when payable, and the time when redeemable, all of which were required by the statute. The final question here was whether $120,000 in bonds should be issued to the state. The misstatement of the interest as four and one-half instead of four and one-fourth in one published notice should not be held to avoid the election.

Judgment affirmed.