IN RE COMMON SCHOOL DISTRICTS, LYON AND YELLOW MEDICINE COUNTIES.
JENS BARSTAD, APPELLANT.[1]

April 25, 1950.

No. 35,122.

[1]Reported in 42 N. W. (2d) 393.

L. P. *Johnson*, for appellant.
A. R. *English* and *Hall & Forbes*, for respondents.

MAGNEY, JUSTICE.

Jens Barstad, the appellant in district court, appeals from an order denying his motion for amended findings of fact and conclusions of law or a new trial.

School districts Nos. 19, 34, 41, 56, 65, 71, 74, 87, 89, 90, and 99 are common school districts located in Lyon county, and school districts Nos. 1, 24, and 96 are common school districts located in Yellow Medicine county. School district No. 15 is an independent school district of Lyon county. It maintains a state high school and graded elementary school in the village of Cottonwood. A proposal was made for consolidation of the common school districts with school district No. 15. In furtherance of the project, the superintendent of district No. 15 prepared a plat of the proposed new district. He sent this plat to the state commissioner of education, who approved it, after which it was sent to the county superintendent of schools of Lyon county, who filed it. Thereupon, petitions were circulated in the several surrounding school districts above enumerated, one for each school district, asking for the creation of a new consolidated school district. Upon receipt of these petitions and based thereon, the county superintendent of schools issued a notice of a special school election for each of said districts involved to pass on the proposed consolidation. On January 22, 1949, an election was held in the gymnasium of district No. 15. After receiving the report of the election from the election officials, the county superintendent of schools made an order of consolidation. The school board of district No. 15 consented to the consolidation. A copy of the order of consolida-

tion was sent within ten days after the order was made to the clerk of each of the districts affected, to the county auditors of Lyon and Yellow Medicine counties, and to the state commissioner of education. Appellant, a resident legal voter and taxpayer of district No. 71, appealed to the district court of Lyon county from the order of the county superintendent of schools, on the ground that because of numerous recited defects in the proceedings the purported election was null, void, and illegal, and that the county superintendent of Lyon county was without authority or jurisdiction to make the purported order of consolidation. After an adverse decision by the trial court, appellant appealed to this court from an order denying his motion to amend the findings and conclusions or for a new trial.

There are numerous assignments of error. Most of them will not be discussed because of their obvious lack of merit.

■ Appellant contends that the plat above referred to does not contain the data required by § 122.19 and did not contain such data or information when it was submitted to the commissioner of education. Section 122.19 reads in part as follows:

"* * * Before any steps are taken to organize a consolidated school district, the superintendent of the county in which the major portion of territory is situated, from which it is proposed to form a consolidated school district, shall cause a plat to be made showing the size and boundaries of the proposed district, the location of schoolhouses in the several districts, the location of other adjoining school districts and of schoolhouses therein, and the assessed valuation of property in the proposed district, together with such other information as may be required, and submit the same to the state commissioner of education, * * *."

The plat submitted to and approved by the commissioner of education is not as complete as it should have been. To the west of the line purporting to be the west boundary of the proposed consolidated district, nothing is indicated as to the location of adjoining school districts and of schoolhouses therein. The iden-

tical question arose in Schweigert v. Abbott, 122 Minn. 383, 389, 142 N. W. 723, 725. We there said:

"* * * It may be conceded that the plat was not in strict conformity with the requirements of the statute, in that it did not disclose the school districts adjoining those to be consolidated. It was, however, accepted and approved by the county and state superintendents, and was made the basis of all subsequent proceedings. But we regard this defect in the plat as an irregularity not going to the jurisdiction of the proceeding."

Appellant also complains that the plat does not show "the *assessed valuation* of the property in the proposed district." As a matter of fact it does show the assessed valuation of property in the various districts which comprise the proposed consolidated district. A mere totalling of these several items will give the assessed valuation of property in the proposed district. Such a minor technical irregularity can have no effect on the jurisdiction of the proceeding. Without enumerating the other claimed defects in the plat, it is sufficient to say that they are mere minor irregularities, and, in our opinion, of no consequence. Furthermore, it may be stated that no issue as to the sufficiency or validity of the plat was raised in appellant's complaint in the district court.

■ Section 122.21 provides in part:

"* * * In the case of consolidation of one or more rural districts, * * * with a school district in which there is maintained a state high or graded elementary school, election on consolidation shall be effected by a vote of the rural school districts or portions of districts only, * * * *and by the approval of such consolidation by the school board of the district in which is maintained a state graded or high school.*" (Italics supplied.)

In this particular situation, it means that the school board of independent school district No. 15 of Lyon county would have to approve the consolidation. Appellant claims that it did not do so. The record discloses that the school board in question did send a letter to the county superintendent of schools of Lyon county

in which it quoted a resolution of approval and in which it stated that the resolution had been adopted. Appellant insists that such letter was improperly received in evidence and that in order to comply with the statute a certified copy of the resolution, if adopted, would be necessary. After the receipt of this letter, the order of consolidation was issued and the proceedings completed.

In Skrove v. Town Boards of Belmont and Christiania, 154 Minn. 118, 191 N. W. 584, we held that, in respect to completed official transactions, public officers having charge thereof will be presumed, in the absence of an affirmative showing to the contrary, to have performed their duties in connection therewith at the time and in the manner and form required by law, and that the burden of overcoming this presumption rests with the party alleging the contrary. Here, there is no affirmative showing that the school board of independent school district No. 15 did not adopt the resolution required by statute and which was set out in the letter referred to, or that they did not do so at the time and in the manner and form required by law.

■ Appellant contends that that part of § 122.21 which provides that the county superintendent shall cause notice of an election to be held "within the proposed district" violates Minn. Const. art. 7, §§ 1 and 7, on the ground that it permits persons to vote in, upon, and concerning the affairs of the several districts in territories or districts of which they are not citizens or legal electors. In other words, he claims that a statute which permits the voters of rural school districts, as in this case, to vote at a place outside their own districts, but within the proposed consolidated district, is violative of the constitutional provisions above referred to.

In Muehring v. School Dist. No. 31, 224 Minn. 432, 28 N. W. (2d) 655, this court went thoroughly into the question of the power and control of the legislature over public education and public corporations organized to perform the public duty of providing public schools. We see no reason why the legislature does not possess the power to determine where the election shall be held

within a proposed consolidated school district for the voters of the various districts within the area to be covered by the consolidation to express their choice. The electors by voting at the location designated are not voting outside their own election precinct or district. They reside within the boundaries of the election precinct or district designated by the legislature for such election purposes. There is no requirement of the constitution that the electors in an election called to vote on the question of the creation of a consolidated school district must vote within the boundaries of their own already established common school districts. We are unable to see any constitutional objection to the selected place of voting. It is not a case where an elector in Lyon county is attempting to vote in Yellow Medicine county, or a voter in school district No. 19 is attempting to vote in school district No. 90. Here, he is voting within a voting precinct set up by the legislature. The legislature has simply changed the election district or precinct. Kramer v. County of Renville, 144 Minn. 195, 175 N. W. 101.

In Nelson v. Lembcke, 43 S. D. 207, 178 N. W. 981, and Gunderson v. Elgaaen, 43 S. D. 215, 178 N. W. 984, the supreme court of South Dakota dealt with the problem we have here. The provisions of the South Dakota constitution are similar to those of Minnesota. In the Nelson case, it was argued that the electors in the constituent school districts other than those qualified in the district in which the election was actually held could not legally vote. The court stated (43 S. D. 211, 178 N. W. 982):

"* * * We perceive no constitutional reason why the Legislature may not fix any place in the proposed district as the polling place at which the electors of each of the component districts may vote if such districts are all in the same county. Such a legislative provision is virtually the designation of the whole area proposed to be consolidated as one election precinct."

In the South Dakota cases, the districts were all within the same county. The fact that the districts here involved lie in more than

one county, the consolidation of which is permissible under our legislative enactments, does not call for a different rule.

Order affirmed.

