## STATE EX REL. J. A. A. BURNQUIST v. SO-CALLED INDEPENDENT CONSOLIDATED SCHOOL DISTRICT NO. 46, JACKSON COUNTY, AND OTHERS.[1]

June 4, 1954.

No. 36,131.

[1]Reported in 65 N. W. (2d) 117.

*J. A. A. Burnquist,* Attorney General, and *J. B. Forbes,* Special Assistant Attorney General, for relator.

*Nicholas & Muir* and *F. B. Kalash,* for respondents.

THOMAS GALLAGHER, JUSTICE.

Proceedings in quo warranto instituted upon the relation of J. A. A. Burnquist, attorney general, on behalf of the state challenging the validity of the formation of Independent Consolidated School District No. 46, Jackson county.

Respondents, Consolidated School District No. 46, its superintendent, and board members, pray for an abatement of the proceedings on the ground that the decision of the district court of Jackson county, in quo warranto proceedings there, is *res judicata* as to the issues here presented. For their further defenses, they plead estoppel against relator and limitation statutes, M. S. A. 122.02.

On December 7, 1953, the Honorable Chris Carlson, judge of the seventeenth judicial district, appointed by this court as referee to

hear the evidence and submit findings and conclusions thereon, reported to this court in substance that:

On February 28, 1952, the state commissioner of education approved a plat submitted by the Jackson county superintendent of schools for the consolidation of Common School Districts of Jackson county Nos. 43, 49, 76, 117, and part of No. 88 with Consolidated School District No. 46.

On May 7, 1952, separate petitions were filed with the superintendent on behalf of Common School Districts Nos. 43, 49, 76, 117, and part of No. 88, each bearing the acknowledged signatures of 25 percent of the qualified resident freeholders of the respective districts, requesting that such districts be included in Consolidated School District No. 46, and that an election be called to vote thereon. On that date a certified copy of a resolution consenting to such consolidation, adopted by the board of education of Consolidated School District No. 46, was filed with the superintendent and notice of election to vote on said consolidation May 23, 1952, was duly given.

On May 6, 1952, pursuant to a resolution previously adopted by Common School District No. 117, the county board of Jackson county adopted a resolution dissolving Common School District No. 117. On May 16, 1952, the attorney general, in a written opinion, advised the commissioner of education that territory previously comprising Common School District No. 117 had become unorganized territory and could not be included in the consolidation proceedings; that, notwithstanding this, no new plat or petitions for the proposed consolidation were required; and that the election might proceed as originally planned.

On May 19, 1952, the commissioner forwarded a copy of this opinion to the superintendent. At the election on May 23, 1952, the superintendent, as chairman, informed all voters present of the attorney general's opinion and of further advice he had received from the commissioner to the effect that residents of former Common School District No. 117 were not entitled to vote at the election for consolidation; and that the territory which previously comprised that district would not be included in the new consolidated district.

The election was held as provided by law. The vote thereat was 60 in favor of consolidation, as against 26 opposed thereto. No votes were cast by residents of former Common School District No. 117. The result was certified to the superintendent who filed a certificate thereof in his office May 24, 1952, as required by law. Thereafter, the board of Consolidated School District No. 46 adopted a resolution approving the consolidation and filed a certified copy thereof with the superintendent on May 24, 1952. On May 31, 1952, a certified copy of the order of consolidation, which designated the new district as Independent Consolidated School District No. 46 of Jackson county, was filed with the commissioner of education.

Independent Consolidated School District No. 46 of Jackson county has since made extensive repairs to school buildings; provided additions thereto; employed architects to furnish plans for a new building; removed structures from one of the old common school districts to its premises for school purposes; levied taxes, and received funds from the treasurer of Jackson county and from the state as school aid; and otherwise exercised the powers and franchises of a school district. All of the children now in attendance therein previously had attended it as nonresident students from closed common school districts. The public has not suffered injury or harm by reason of the consolidation and public welfare does not require that the proceedings for consolidation be vacated or set aside.

Thereafter one Fred Kutzbach, a resident and freeholder of former Common School District No. 117, with the consent of the attorney general, instituted quo warranto proceedings in the district court of Jackson county against the respondents herein, with the exception of Ben Hamann and Alan Untiedt, who were subsequently elected to the board of the newly formed district. Upon hearing therein, the writ was quashed on the ground that it had been issued ex parte and improvidently, through inadventence and a misapprehension of the facts. No judgment has been entered in those proceedings.

As his conclusions, the referee reported that the consolidation proceedings conducted under the direction of the commissioner of

education, pursuant to opinions of the attorney general, were proper and valid; that Independent Consolidated School District No. 46 of Jackson county was legally organized in accordance with the statutes; and that the writ of quo warranto hence should be quashed and vacated.

A memorandum attached to and made a part of this report set forth that:

The main contention of relator is that the proceedings are void and should be set aside because the petitions for consolidation and the plat included the territory within Common School District No. 117. By reason of the fact that Common School District No. 117 was legally dissolved on May 6, 1952, therefore the territory included within said school district could not be included in the consolidation proceedings at the time the petitions for consolidation were filed on May 7, 1952.

There was no appeal by any person within the consolidated district from the order of consolidation, and there is no showing that any person therein, or any landowner within the consolidated school district, was misled or had any complaint of the consolidation.

If Common School District No. 117 had been included in the order of consolidation, a writ of ouster would have to issue as to the territory within Common School District No. 117, because the legislature has provided that such territory could not be legally included in the consolidation proceedings, but the inclusion of Common School District No. 117 in petitions does not affect the jurisdiction.

One Fred Kutzbach, with the consent of the attorney general, brought an action (in quo warranto) in the district court of Jackson county as relator against said school district and its officers to have the consolidation declared illegal. The court found that said relator had no special interest in the subject matter distinct from the public and that said writ (of quo warranto) was improvidently issued and ordered judgment quashing said writ. The judgment has not been entered.

The parties in the two actions are not the same. In the action in the district court, Fred Kutzbach, the relator, is the real party in interest and the state of Minnesota is a nominal party.

The issues in the two actions are not the same. In the action brought by a private relator, he must show a special interest distinct from the public. In this action brought by the state of Minnesota, no such special interest need be proved. The judgment in the action in district court would not be a bar to this action. Therefore this action is not abated by reason of the action in the district court of Jackson county.

The defense of estoppel is raised by the amendment to the answer allowed by the referee at a pre-trial hearing. It appears from the evidence that the attorney general ruled in answer to questions submitted by the commissioner of education that the fact that Common School District No. 117 had been dissolved prior to the filing of petitions did not require the filing of a new plat and the filing of new petitions, and directed the superintendent of schools to proceed to give notice of election. This opinion was binding on the county superintendent of schools and in effect held that jurisdiction had been acquired to proceed with the consolidation proceedings. Said opinion has not been changed by the attorney general or reversed by the courts.

The school board of Consolidated School District No. 46 relied on such rulings by the attorney general and proceeded to function as the school board of said district. The attorney general permitted said board to exercise the powers and franchises of a school district for 11 months and 29 days before the writ in this proceeding was served, and said school board is still so functioning. The public has suffered no harm or injury by reason of such consolidation or the acts of the board of directors of such consolidated district, and the public interest does not require that said consolidated school district be dissolved. It therefore appears to me that the state should be estopped from prosecuting these proceedings.

■ We have frequently held that elections fairly and honestly conducted, without fraud or illegal voting, will not be set aside for mere irregularities. State ex rel. Maffett v. Turnbull, 212 Minn. 382, 3 N. W. (2d) 674; Ferguson v. City of Morris, 197 Minn. 446, 267

N. W. 264; Nelson v. Bullard, 155 Minn. 419, 194 N. W. 308; State ex rel. Windom v. Prince, 131 Minn. 399, 155 N. W. 628.

This principle has often been applied to elections involving schools, school officials, school bonds, and questions relating to consolidation of school districts. State ex rel. Klitzke v. Independent Consol. School Dist. No. 88, 240 Minn. 335, 61 N. W. (2d) 410; State ex rel. Grozbach v. Common School Dist. No. 65, 237 Minn. 150, 54 N. W. (2d) 130; In re Common School Dists. Lyon and Yellow Medicine Counties, 231 Minn. 40, 42 N. W. (2d) 393; In re Special Election in School Dist. No. 68, 183 Minn. 542, 237 N. W. 412; Hagen v. Consolidated School Dist. No. 111-74, 156 Minn. 268, 194 N. W. 756. As stated in State ex rel. Grozbach v. Common School Dist. No. 65 (237 Minn. 159, 54 N. W. [2d] 136):

"Where a mere minor technical irregularity does not prevent a fair election and it is shown that a fair election was had, such irregularity does not invalidate the election."

On the other hand, where the defects in election procedures go to the question of jurisdiction, or where the defects and irregularities are so material that qualified electors are deprived of a fair opportunity to vote, we have not hesitated to hold the proceeding invalid and nullify the results. Peiper v. County Superintendent, 130 Minn. 54, 153 N. W. 112; Schweigert v. Abbott, 122 Minn. 383, 142 N. W. 723.

With these principles in mind, we have upheld a number of school district elections where the election notices or other documents pertaining thereto were in some measure defective. Thus in In re Special Election in School Dist. No. 68, 183 Minn. 542, 237 N. W. 412, an election for the issuance of school bonds was upheld although one published notice thereof mistakenly set forth the rate of interest which the bonds were to bear. In Hagen v. Consolidated School Dist. No. 111-74, 156 Minn. 268, 194 N. W. 756, a like election was held valid notwithstanding the election notice set forth that the bonds were to be used "for building and equipment, including busses," while the ballots stated merely they were to be used for "building and equipment." In Sorenson v. School Dist. No. 28, 122

Minn. 59, 141 N. W. 1105, another school bond election was approved although the resolution covering the terms of the bonds was violative of Minn. Const. art. 8, § 6, in that it provided for their maturity in less than five years, the error having been corrected by subsequent resolution after the election. In Muehring v. School Dist. No. 31, 224 Minn. 432, 434, 438, 28 N. W. (2d) 655, 657, 659, where the electors were required to vote on whether "To erect a school building * * * *and provide bus transportation for the children living in the eastern end of the district,* * * *'*" (italics supplied) we upheld the result insofar as it related to the erection of the school building but invalidated it as to the question of bus transportation because of the lack of statutory authority to submit the question to a vote. Therein we stated: "A different result is not compelled by the fact that both questions were submitted together as parts of a single question." See, also, State ex rel. Klitzke v. Independent Consol. School Dist. No. 88, 240 Minn. 335, 61 N. W. (2d) 410.

■ Here relator contests the election procedure because the reference to Common School District No. 117 was included in the notice of election although it had been formally dissolved prior to the posting or publication of the notice. Relator does not question the sufficiency of the petition or of the plat upon which the election was based, although both designated Common School District No. 117 as part of the proposed consolidation.

From the facts here present, it does not seem that the failure to delete the reference to Common School District No. 117 from the election notice should invalidate the election. At best this omission was an irregularity which did not deprive the voters of a fair and full opportunity to vote on the ultimate question to be determined. When they assembled, it was made clear to them that District No. 117 was not to be included in the consolidation and that residents of that district could not vote on the issue. The electors present and qualified to vote, with a full understanding of this limitation, voted for consolidation by a substantial majority, and no one in the merged district has felt aggrieved or prejudiced by the election to the extent of appealing from the result.

M. S. A. 122.21, pursuant to which the notice of election was issued, is dependent upon §§ 122.19 and 122.20, which govern the plats, plans, and petitions for school district consolidations. It does not specify that the notice shall contain statements beyond that of a reference to the special meeting or election within the proposed consolidated school district and to the time and place therefor. Substantial compliance with the provisions of all applicable statutes and the facts and circumstances outlined compel the conclusion that the error in the notice was not such as to go to the question of jurisdiction in the proceedings. As stated in Schweigert v. Abbott, 122 Minn. 383, 390, 142 N. W. 723, 725:

"* * * It was not * * * intended or expected that the courts would * * * hold fatal all informalities or defects; on the contrary, the statute should be construed as vesting in the court jurisdiction to determine whether any essential jurisdictional requirement had been omitted or exceeded."

With this thought in mind, the election must be upheld as valid.

Our conclusion on this issue makes it unnecessary to determine the issues relative to abatement, estoppel, or limitations.

Writ quashed.