## MARY ANN HYNAN v. FIRST TRUST COMPANY OF ST. PAUL, EXECUTOR OF ESTATE OF WILLIAM J. HYNAN, AND ANOTHER.

103 N. W. (2d) 209.

May 13, 1960—No. 37,843.

*Joseph J. Dudley* and *Sheridan J. Buckley, Jr.,* for appellant.

*Briggs, Gilbert, Morton, Kyle & Macartney,* for respondent First Trust Company of St. Paul.

FRANK T. GALLAGHER, JUSTICE.

Appeal from an order and a judgment of the district court.

According to the plaintiff there are two principal issues. The first involves her claim that she is the beneficiary of three annuity contracts by reason of a contract and by reason of a fiduciary relationship. The second involves her claim that she is the owner of two checks held by her deceased husband at the time of his death, which were withdrawn from the joint bank accounts of plaintiff and decedent.

The suit was brought by plaintiff against defendants as coexecutors of her deceased husband's estate for the proceeds of the three annuity policies payable to the estate as beneficiary and for the proceeds of joint-tenancy funds claimed by her to have been withdrawn by her deceased husband prior to his death. She contends that this was in violation of a temporary restraining order in a divorce action against her husband enjoining him from the sale or encumbrancing of any property, real or personal, including life insurance, during the pendency of the divorce proceedings. Judgment was entered in favor of the defendants and plaintiff seeks reversal of the judgment and asks for an order of this court directing entry of judgment in her favor. In the event that this is denied, she asks for a new trial.

Plaintiff contends that the findings and conclusions of the trial court are not supported by the evidence. The trial court found:

(1) That plaintiff is the widow of William J. Hynan, who died testate on August 29, 1957, at the age of 66 years. He was a resident of Ramsey County at the time of his death. He left surviving him as his only heirs at law his widow and one child, William J. Hynan, Jr., who was 34 years of age at the time of his father's death. The last will and testament of the decedent, dated July 8, 1957, was duly admitted to probate in Ramsey County, and the First Trust Company of St. Paul and Ray W. Allard were duly qualified as executors. A copy of the will was received in evidence and made a part of the findings. Plaintiff refused to accept the provisions made for her in the will and elected to take the share of decedent's estate to which she is entitled by statute.

(2) That the probate assets of said estate are of the approximate value of $103,500, consisting of cash, stocks, bonds, contracts for deed, and three annuity contracts issued by defendant Bankers Life Company. In addition to said assets, it appears that at the time of decedent's death, plaintiff and decedent, as joint tenants, were the owners of an unencumbered homestead in St. Paul valued at approximately $18,000, an unimproved lot valued at approximately $1,200, and a joint bank account in the amount of approximately $200. Decedent also owned at the time of his death a $7,000 government life insurance policy of which plaintiff was the sole beneficiary.

(3) That on or about June 21, 1957, plaintiff commenced a divorce action against her husband in the District Court of Ramsey County, which court issued an order to show cause fixing the time for a hearing, after which hearing, that court entered an order containing the following provisions:

"4. That the defendant shall keep in full force and effect by the payment of the premiums all life insurance on himself and the plaintiff during the pendency of this action.

\*　\*　\*　\*　\*

"6. That the defendant is hereby enjoined from the sale or encumbering of any property, real or personal, including life insurance during the pendency of this action."

(4) That the relief which the court in the divorce action attempted to grant by the order had not been requested by plaintiff in her moving papers; that her husband had never been advised that the plaintiff was seeking such relief; that the court in the divorce action exceeded its authority and jurisdiction in granting it; and that those parts of the order were void and of no force or effect.

(5) That at the time of the commencement of the divorce action plaintiff's husband was the absolute and sole owner of three annuity contracts which he had purchased from the Bankers Life Company. Said contracts were admitted in evidence and made a part of the trial court's findings. Each contract provided that the Bankers Life would pay plaintiff's husband a monthly income for life, or a 10-year life certain income, or the cash surrender value, as he might elect and authorized plaintiff's husband to designate a beneficiary and reserved to him the power to change the beneficiary, with the right at all times up to the time of his death to designate the beneficiary and to change the designation of beneficiary. Plaintiff was originally designated as beneficiary on the first contract when it was issued on July 8, 1952. When her husband purchased the second contract on September 29, 1952, he designated the beneficiary of that contract by means of a written letter of instructions which provided that if plaintiff survived her husband the proceeds of that contract should be applied for her benefit under a monthly life-income payment plan, (with a minimum fixed period of 10 years) and with the privilege to plaintiff at the time of her husband's death of withdrawing not to exceed $2,500. Contingent beneficiaries were also designated. At the same time he changed the beneficiary designation of the first contract by means of settlement instructions containing the same provisions as were applicable to the second contract. When the third contract was issued on January 8, 1955, plaintiff's husband designated the beneficiaries of that contract by means of written settlement instructions containing the same provisions as were applicable to the other contracts.

(6) That on June 22, 1957, plaintiff's husband wrote a letter to the home office of the Bankers Life Company, reading in part as follows:

"Change the beneficiaries on my policies at once please from Mrs. Hynan, my son William Francis Hynan and my grandchildren. In case of my death I want this fund left to my estate. Kindly make this read as of today."

According to the court's findings after receiving the letter Bankers Life prepared change of beneficiary forms which in substance directed Bankers Life to change the beneficiary designation in each of the contracts to the estate of plaintiff's husband. These forms were signed by him on August 5, 1957, and mailed by him to the home office of Bankers Life. On August 8, 1957, each of the contracts was endorsed by Bankers Life to show that his estate was the designated beneficiary and entitled to the death benefits which might become payable under the contracts in the event of his death.

(7) That the annuity contracts have been inventoried by defendant executor[1] as assets of the estate at a cash value as of the date of his death of approximately $33,500.

(8) That during decedent's lifetime he had a savings account in the First Federal Savings & Loan Association of St. Paul, in the names of "William J. Hynan or Mary Ann Hynan." On or about June 24, 1957, he withdrew $3,650 from said account and received a check in that amount payable to his order, which check remained in his possession uncashed until the time of his death.

(9) That at the time of his death decedent also had in his possession an uncashed cashier's check of the Liberty State Bank, dated June 24, 1957, in the amount of $1,400 payable to his order. (On oral argument before the supreme court, plaintiff waived any right or claim to the $1,400.)

(10) That while the divorce case was pending plaintiff caused the deposition of decedent to be taken for the purpose of discovery, at

---

[1]The court states in its findings that Mr. Ray W. Allard, coexecutor, died a short time prior to the trial of this action.

which time he testified that he had recently changed the beneficiary of the annuity contracts to his estate and had executed change of beneficiary requests to that effect.

(11) That decedent at all times had the right to designate the beneficiary of each of the annuity contracts; to change the beneficiary designation from time to time; that his act in naming his estate as beneficiary was a lawful one and did not constitute a violation of any rights of plaintiff nor was it a fraud upon her. Also, that the acts of decedent in withdrawing $3,650 from the savings and loan association, and in obtaining the $1,400 cashier's check from the Liberty State Bank, were lawful and did not constitute a violation of any rights of plaintiff.

(12) That the provisions of the order of the court in the divorce action were void but that even if they had been valid and enforceable the decedent did not violate the provisions of that order when he designated his estate as beneficiary of said annuity contracts or when he caused the checks to be made payable to him.

(13) That decedent did not agree to designate plaintiff as beneficiary of the annuity contracts; that he did not agree to revoke the designation of his estate as beneficiary; and that at no time did he intend to, or did he, make a gift of said contracts or their proceeds to plaintiff.

(14) That there exists no basis for imposing a constructive trust in favor of plaintiff upon any of the property involved in this litigation; that she has no claim (except the rights in decedent's estate to which she is entitled by the statutes of descent and distribution of the State of Minnesota as surviving spouse of decedent) to the proceeds of the annuity contracts or the money represented by the checks.

In its conclusions of law the court determined that plaintiff is not entitled to any relief; that defendant trust company, as executor, is the absolute owner of all moneys which may be payable by the Bankers Life Company under the annuity contracts, together with any interest payable from the time of his death; that said proceeds and interest constitute assets of the estate and the defendant Bankers Life Company is directed to pay the same to his executor; and that defendant trust

company, as executor, is the owner of the checks, the proceeds of which constitute assets of the estate.

■ In connection with plaintiff's claim that she is the beneficiary of the three annuity contracts by reason of a contract and by reason of a fiduciary relationship, we find nothing in the record to substantiate such a claim.

According to plaintiff's assignments of error it appears to be her position that almost all of the court's findings of fact, as well as conclusions of law, are not justified by the evidence. It is fundamental on appeal that we must consider the testimony in the light most favorable to the prevailing party. When an action is tried by a court without a jury its findings are entitled to the same weight as the verdict of a jury and will not be reversed on appeal unless they are manifestly contrary to the evidence. Miller v. Snedeker, 257 Minn. 204, 101 N. W. (2d) 213, and cases cited.

■ It is neither necessary nor proper that we here go into a lengthy and detailed discussion of the evidence for the purpose of justifying the findings of the trial court. Neither is it within our province to go into an extended discussion of the evidence to prove or demonstrate the correctness of the findings of the trial court. Rather, our duty is fully performed when we have fairly considered all of the evidence and from it have determined that it reasonably supports the findings. The question is not that the trial court would not have been justified in making findings thereon in appellant's favor but that the findings made are supported by evidence reasonably tending to establish the facts found. Maust v. Maust, 222 Minn. 135, 137, 23 N. W. (2d) 537, 539.

Plaintiff claims that she is the beneficiary of the annuity contracts by reason of an alleged contract wherein her husband agreed to rename her as beneficiary subsequent to the time when he changed the beneficiary to his estate. It is our opinion that there was evidence to support the trial court's findings that plaintiff's husband did not agree to designate her as the beneficiary of the annuity contracts, nor did he agree to revoke the designation of his estate as beneficiary.

It is our further opinion that the evidence sustains the trial court's

findings that the withdrawals from the First Federal Savings & Loan Association and from the Liberty State Bank were lawful acts and did not constitute a violation of any of the rights of plaintiff. The evidence also supports the finding that there was no basis for imposing a constructive trust in favor of the plaintiff upon any of the property involved in this litigation.[2]

Affirmed.

MR. JUSTICE LOEVINGER, not having been a member of the court at the time of the argument and submission, took no part in the consideration or decision of this case.

----

[2]Subsequent to oral argument, plaintiff called our attention to Candler v. Donaldson (6 Cir.) 272 F. (2d) 374. A thorough review of that case satisfies us that similar equities do not exist in the case at bar sufficient to deny the insurer the right to change the beneficiary.