FREDDIE L. WALTERS AND OTHERS v. COMMON SCHOOL
DISTRICTS NOS. 2550, 2551, 2583, and 2585, WINONA COUNTY,
AND OTHERS.

121 N. W. (2d) 605.

April 26, 1963—Nos. 38,720, 38,721.

*Daniel F. Foley,* for appellants.

*Bergh & King, S. A. Sawyer,* County Attorney, and *Richard H. Darby,* Assistant County Attorney, for respondents.

NELSON, JUSTICE.

This appeal involves proceedings originally initiated in January 1960 to consolidate Common School Districts Nos. 2550, 2551, 2582, 2583, 2584, and 2585 of Winona County and Districts Nos. 1337 and 1346 of Olmsted County with Independent School District No. 858 of St. Charles, Winona County, pursuant to Minn. St. 122.23.

Jesse Jestus, Winona County superintendent of schools, submitted a plat of the proposed consolidation to the state commissioner of education on January 20, 1960. It was approved on February 16, but District No. 2582 failed to receive enough signers on the petition required to hold a consolidation election, and on March 3 the superintendent of schools of the St. Charles school district wrote Mr. Jestus

requesting that a new plat be drawn excluding District No. 2582. Such new plat of the proposed consolidation was drawn and submitted to the commissioner with requisite supporting statements on March 4, 1960.

The State Department of Education sent a letter to the Winona County superintendent on March 10 outlining the proper procedure for withdrawing the plat first submitted. The letter directed that the St. Charles school board should adopt a resolution rejecting the approved plat within 45 days. On March 14 the clerk of that school board sent a letter to the commissioner setting forth a resolution by the board rejecting the plat submitted on January 20.

The commissioner of education, acting on this letter, thereupon approved the new plat on March 31. The approval of this plat was followed by an election in each of the common districts on May 3, in which 78 votes were cast for the consolidation and 54 were cast against it. The order of consolidation was issued by the Winona County superintendent on May 5, 1960.

Appellants, who are residents of District No. 1346, appealed from the order to the District Court of Winona County on the grounds that the county superintendent had no jurisdiction to act, or had exceeded his jurisdiction; that the action appealed from was arbitrary, capricious, and oppressive and in unreasonable disregard of the best interests of the territory affected; and that the order was based upon an erroneous theory of law.

A motion for an order permitting Independent School District No. 858 to intervene as a defendant was heard and granted by the district court before trial.

The trial court found the consolidation in the best interests of the territory affected and in substantial compliance with § 122.23 and ordered confirmation. Appellants moved for amended findings or a new trial and appealed from the order denying a new trial and from the judgment entered. The principal grounds on which they rely in this court for reversal are:

(1) The plat approved February 16, 1960, had not been withdrawn when the second plat was approved, thereby invalidating both the second plat and the election.

(2) The Winona County superintendent of schools did not receive a formal affidavit of publication from the newspaper publishing the notice of the election.

(3) It was not proved that copies of the notice of election were properly posted.

(4) The Winona County superintendent issued the order for consolidation without properly canvassing and tabulating the total vote cast, as is required by § 122.23, subd. 12.

(5) The letter from the clerk of Independent School District No. 858 falsely represented that the school board had passed a resolution rejecting the first plat and that such a resolution never had been passed.

(6) The public officials flagrantly disregarded the statutes applicable to the consolidation proceedings.

■ Appellants have expressly waived any claim that the consolidation was "in unreasonable disregard of the best interests of the territory affected" and admit that they rest their case in large part on the issue of jurisdiction. While the best interests of the territory affected is a vital factor in proceedings to effect school consolidations, it is not a matter for the courts to consider on appeal. Farrell v. County of Sibley, 135 Minn. 439, 441, 161 N. W. 152; In re Certain School Dists. Freeborn County, 246 Minn. 96, 105, 74 N. W. (2d) 410, 416. The scope of review in this court is, due to the legislative nature of the proceedings, more narrowly limited than in an ordinary civil action. In re Dissolution of Independent School Dist. No. 27, 240 Minn. 257, 60 N. W. (2d) 617; In re Consolidated School Dist. No. 16, 241 Minn. 454, 63 N. W. (2d) 543.

■ Since public school officials acting in consolidation proceedings exercise a legislative function which is not governed by judicial standards, their determinations are subject to successful attack only when their action is clearly arbitrary, unreasonable, unjust, or against the best interests of the public. In re Dissolution of School Dist. No. 33, 239 Minn. 439, 60 N. W. (2d) 60.

■ We have said that where proceedings of this nature are under scrutiny, it must be taken into account that many of the formal steps and writings must be made by laymen who often have limited expe-

rience and knowledge of applicable statutes. Peiper v. County Superintendent, 130 Minn. 54, 153 N. W. 112. Furthermore, where official transactions have been completed, public officers in charge thereof have the benefit of the presumption, unless there is an affirmative showing to the contrary, that their duties were performed at the time and in the manner and form required by law. A party who alleges to the contrary has the burden of overcoming that presumption. In re Common School Dists. Lyon and Yellow Medicine Counties, 231 Minn. 40, 42 N. W. (2d) 393; State ex rel. Klitzke v. Independent Consol. School Dist. No. 88, 240 Minn. 335, 61 N. W. (2d) 410.

■■■ While appellants contend that statutory requirements were flagrantly disregarded throughout the consolidation proceedings, the record supports the trial court's determination that there was substantial compliance with such requirements and that no irregularities sufficient to invalidate the election occurred.

The second plat for the proposed consolidation was submitted to the commissioner of education with the requisite supporting statements, and the petitions for elections in the common school districts listed on the plat met all jurisdictional prerequisites. Pursuant to those petitions the county superintendent caused to be printed in the April 21, 1960, issue of the St. Charles Press the statutory notice of special school election, which was to be held on May 3, 1960. The superintendent testified that he also posted notices of election in three places in each common district. With respect to canvassing and tabulating the ballots, he gave the following account of what transpired on the evening of the election:

"I was at St. Charles school building on the evening of May 3, 1960, and the judges of election brought in the ballots and certificates of election. When they were brought in they gave them to me, I had a tally sheet there for each district where I could write down the results from each district, which I did, and when that was done I put the ballots in the envelope. I took the envelope that the ballots were in, maybe that is the way I should state it, and evidently some of those certificates of election got in with those ballot envelopes and remained that way until this morning. And I had the tally there for each district that was con-

firmed both orally—and whether I looked at the certificates of election I am not prepared to say, to swear to."

The counting of the ballots at the trial furnished complete proof that the results were exactly as the county superintendent had stated in the order of consolidation.

The evidence that the notice was published and copies posted was uncontradicted and supports the court's findings that notice was so given. We are of the opinion that the proof with respect to both the published and posted notices was sufficient even though the former was unsupported by affidavit. The notice printed in the newspaper was placed in evidence, and the absence of an affidavit of publication does not constitute an irregularity which would justify setting aside a school election which has been fairly and honestly conducted. This conclusion finds support in State ex rel. Helling v. Independent School Dist. No. 160, 253 Minn. 271, 92 N. W. (2d) 70, where the court held the election was not invalid on account of inaccuracy in the notice of election, and in State ex rel. Klitzke v. Independent Consol. School Dist. No. 88, *supra*. There, three elections had been held on a proposed reorganization, but thereafter, one of the districts included in the proposal, District No. 86 Joint, was attached to a different district and thereby eliminated from the proposed reorganization. However, the report of the survey committee was not amended to show this change and it therefore was not submitted to the State Advisory Commission. This court made it clear that no amendment was necessary to show elimination of District No. 86 Joint since it was not included in the petitions, the notice of elections, the ballots, or the order of reorganization; the survey committee had approved the call for the fourth election; and their last report was unchanged except for the fact that School District No. 86 Joint was no longer subject to their recommendation. We found that there was substantial compliance with statutory requirements and that no irregularities sufficient to invalidate the election had occurred. We also held that a revision or amendment of the reorganization recommendations was not a jurisdictional requirement to an election, providing there was substantial compliance generally with applicable statutory provisions. See, In re Order of Superintendent of Schools, Nobles

County, 239 Minn. 233, 239, 58 N. W. (2d) 465, 469; State ex rel. Grozbach v. Common School Dist. No. 65, 237 Minn. 150, 159, 54 N. W. (2d) 130, 136.

While we have recognized that statutory requirements with respect to proceedings in elections are mandatory and that there must be substantial compliance, we have not disregarded the well-established rule that an irregularity not apparently affecting the result will not avoid a fair election. In re Special Election in School Dist. No. 68, 183 Minn. 542, 237 N. W. 412. We agree with the rule stated in 29 C. J. S., Elections, § 214:

"* * * Elections should never be held void unless they are clearly illegal; it is the duty of the court to sustain an election authorized by law if it has been so conducted as to give a free and fair expression of the popular will, and the actual result thereof is clearly ascertained."

See, also, 18 Am. Jur., Elections, § 206, which states:

"* * * A statute which merely provides that certain things shall be done within a particular time or in a particular manner, and does not declare that their performance shall be essential to the validity of an election, will be regarded as mandatory if the acts in question affect the merits of the election, and as directory if they do not affect its merits."

In the instant case, where it appears that failure to comply with statutory requirements could not have affected the result of the election, the rule stated in In re Order of Sammons, County Superintendent of Schools, 242 Minn. 345, 349, 65 N. W. (2d) 198, 202, is applicable:

"It is the general rule that, *before an election is held,* statutory provisions regulating the conduct of the election will usually be treated as mandatory and their observance may be insisted upon and enforced. *After an election has been held,* the statutory regulations are generally construed as directory and such rule of construction is in accord with the policy of this state, which from its beginning has been that, in the absence of fraud or bad faith or constitutional violation, an election which has resulted in a fair and free expression of the will of the legal voters upon the merits will not be invalidated because of a departure

from the statutory regulations governing the conduct of the election except in those cases where the legislature has clearly and unequivocally expressed an intent that a specific statutory provision is an essential jurisdictional prerequisite and that a departure therefrom shall have the drastic consequence of invalidity."

In State v. Independent Consol. School Dist. No. 46, 242 Minn. 320, 325, 65 N. W. (2d) 117, 121, we said:

"We have frequently held that elections fairly and honestly conducted, without fraud or illegal voting, will not be set aside for mere irregularities."

We have said that where a mere minor technical irregularity does not prevent a fair election, and it is shown that a fair election was had, such irregularity does not invalidate the election. State ex rel. Maffett v. Turnbull, 212 Minn. 382, 3 N. W. (2d) 674; Ferguson v. City of Morris, 197 Minn. 446, 267 N. W. 264; Nelson v. Bullard, 155 Minn. 419, 194 N. W. 308; State ex rel. Windom v. Prince, 131 Minn. 399, 155 N. W. 628. This court has often applied this principle to elections involving schools, school officials, school bonds, and questions relating to consolidation of school districts. State ex rel. Klitzke v. Independent Consol. School Dist. No. 88, 240 Minn. 335, 61 N. W. (2d) 410; State ex rel. Grozbach v. Common School Dist. No. 65, 237 Minn. 150, 54 N. W. (2d) 130; In re Common School Dists. Lyon and Yellow Medicine Counties, 231 Minn. 40, 42 N. W. (2d) 393; In re Special Election in School Dist. No. 68, 183 Minn. 542, 237 N. W. 412; Hagen v. Consolidated School Dist. No. 111-74, 156 Minn. 268, 194 N. W. 756.

We think the statement in Zilske v. Albers, 238 Iowa 1050, 1056, 29 N. W. (2d) 189, 192, quoting an earlier Iowa case, State ex rel. Ondler v. Rowe, 187 Iowa 1116, 175 N. W. 32, is applicable here:

"* * * if such perfection of proceedings is to be demanded of them, few, if any, organizations of school districts could successfully withstand attacks at the hands of discordant and contentious minorities. The courts very properly * * * go to the limit of liberality in giving effect to the voice of a majority wherever it can reasonably be done without violence to the manifest spirit and intent of the Legislature."

The particular territory affected in the instant case involves the people in more than 61 square miles in Winona and Olmsted Counties and approximately 626 school children and an assessed property valuation of $1,457,480. Although appellants proceed on the theory that due to misrepresentation legal qualified voters were deprived of their opportunity or right to vote, the record does not contain any evidence that a single voter was deprived of the opportunity to vote or that any voter was deceived into voting as he did.

In the history of the proceedings here, there is nothing to invalidate an election authorized by law and so conducted as to be a free and fair expression of the popular will, the actual result of that election being clearly ascertained.

■ Appellants contend in this court that the school officials promoting or in charge of the consolidation proceedings were guilty of misrepresentation. They assert that the letter of March 14 from the clerk of the St. Charles school board to the commissioner of education fraudulently represented that the plat which had been approved by the commissioner on February 16, 1960, had been rejected by resolution of that school board when in fact such plat had not been rejected by said school district at any time and therefore was not legally withdrawn—thus invalidating the commissioner's approval of the second plat and all subsequent proceedings. An examination of the record shows that the notice of appeal to the district court was not amended during the proceedings before the court below to allege misrepresentation, fraud, or deceit in the conduct of the consolidation proceedings. It is also clear from the record that no serious attempt was made to prove such conduct. Generally, issues raised for the first time in this court will not be considered. However, appellants, both in the lower court and in this court, have implied that fraud or misrepresentation was present, and in fairness to the parties we will consider this issue.

The record shows that the appellants had already rested their case when the respondents called Roy Belsaas, superintendent of the St. Charles school district, to testify concerning the proceedings of the school board prior to the filing of the second plat with the state commissioner. The latter had stated that the resolution was adopted at a

meeting held March 1, but the minutes of that meeting do not refer to the resolution. However, it is apparent from Mr. Belsaas' testimony that there was an omission in the transcribing of the minutes of the meeting which concerned the rejection of the first plat. Mr. Belsaas testified under cross-examination that there had been a meeting of the school board about March 14, 1960, which is the date of the letter requesting withdrawal of the first plat. Appellants made no effort to establish the falsity of the letter by calling persons who had been present at the meeting of the board to testify, and there is no showing that they were not available. Instead, to overcome Mr. Belsaas' testimony, appellants rely only on inferences based on the failure of the minutes to report the rejection.

The testimony concerning the proceedings of the school board was properly admitted. In Lano v. Rochester Germicide Co. 261 Minn. 556, 113 N. W. (2d) 460, this court held, citing numerous authorities, that the best-evidence and parol-evidence rules do not prevent the introduction of oral testimony to supplement and amplify corporate minutes which on their face are incomplete; that minutes of corporate meetings are only a prima facie record of the proceedings; and that oral testimony is admissible to show that the minutes are incomplete.

The foregoing rule has been summarized in 5 Fletcher, Cyclopedia Corporations (Perm. ed.) § 2198, p. 698, as follows: .

"Where the minutes contain a record of action taken, it will be presumed, prima facie, that the record covers the entire action. This is not conclusive, however, and parol evidence may be introduced to show what was in fact done, and if the minutes appear on their face or are shown to be incomplete or incorrect or otherwise fail to show what actually transpired, parol evidence is admissible to supply the omission and to aid, correct and supplement them, or to aid in ascertaining the true meaning of indefinite or ambiguous records."

On the basis of Mr. Belsaas' testimony the trial court could properly find, as it did, that the first plat had been rejected at the time the commissioner of education considered and approved the second one.

■ There is no trial de novo on appeal to the district court in school district proceedings. Our consideration on such an appeal is limited to

a determination of whether the trial court has confined its review to the limited scope of such appeal and whether, aside from jurisdictional questions, the evidence reasonably supports its determination.

It is apparent that it was never intended or expected that the courts would hold all informalities occurring in proceedings by public school officials to be fatal. The statutory provisions, however, should be considered as vesting in the courts jurisdiction to determine whether any essential jurisdictional requirement has been omitted or exceeded by the school officials. State ex rel. Burnquist v. Independent Consol. School Dist. No. 46, 242 Minn. 320, 65 N. W. (2d) 117; Schweigert v. Abbott, 122 Minn. 383, 142 N. W. 723.

While this court would like to see a stricter compliance by public school officials with the statutes governing consolidation proceedings, nevertheless, we cannot say upon a full consideration of this record that substantial compliance with them is lacking or that the election was not fair, open, and honest.

The trial court, in its memorandum, made a part of its findings, stated:

"There were irregularities in the proceedings but however minor in nature and number and nonprejudicial in effect.

      \*     \*     \*     \*     \*

"\* \* \* The counting of the ballots in court verified the correctness of the certificate from each district and the tabulation made by the Superintendent.

"There was no fraud, no bad faith, no constitutional violation, no dishonesty in the election which was directed by a conscientious, highly-principled County Superintendent and which was a fair and free expression of the will of the legal voters. The outcome, resulting in no injustice to those who complain, has been clearly ascertained."

Rule 52.01, Rules of Civil Procedure, provides in part:

"\* \* \* Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses."

Thus, the legal question here is whether the findings of the trial court

are contrary to the evidence, as claimed by appellants. The rule is well settled in this state that findings of fact made by the trial court will be disturbed only where the evidence, considered as a whole, does not reasonably support them, and further, when an action is tried by a court without a jury its findings are entitled to the same weight as the verdict of a jury and will not be reversed on appeal unless they are manifestly contrary to the evidence. Gaertner v. Rees, 259 Minn. 299, 107 N. W. (2d) 365; Hynan v. First Trust Co. 258 Minn. 118, 103 N. W. (2d) 209; Maust v. Maust, 222 Minn. 135, 23 N. W. (2d) 537; McLellan v. Stevens, 176 Minn. 419, 223 N. W. 770; 1 Dunnell, Dig. (3 ed.) § 411.

We hold that the record here shows substantial compliance with § 122.23.

Affirmed.