JOHNSON & PETERSON, INC. v. THOMAS J.
TOOHEY AND OTHERS.
JOHN W. LUND AND OTHERS, RESPONDENTS.

172 N. W. (2d) 326.

November 14, 1969—No. 41735.

*Swanson & Prueter* and *John L. Prueter,* for appellants.

*Bernard M. Harroun,* for respondent Lund.

*Miner, Miner & Miner* and *Andrew E. Miner, Jr.,* for respondent Zimmerman Stucco & Plaster, Inc.

Heard before Knutson, C. J., and Nelson, Murphy, Otis, and Rogosheske, JJ.

MURPHY, JUSTICE.

This is an appeal from a judgment of the district court in a mechanics lien foreclosure action in which the trial court found that the lien of John W. Lund, a materialman, was not timely filed but granted Lund a personal judgment against the owners of the property for the reasonable value of labor and material supplied. Defendants Thomas J. and Gloria Toohey, owners of the property for which the labor and material were furnished, appeal, contending there was no express or implied contractual relationship between them and the supplier to warrant a personal judgment. Lund's petition for review of judgment is based on the claim that the trial court erred in determining that his lien claim was not timely filed.

It appears from the abbreviated and unsatisfactory record presented to us that defendants Toohey retained Gregg Redpath, doing business as Suburban Equipment Company, an independent general building contractor, to construct a home. There is

reference in the record to a written contract, but the contract was not received in evidence nor is any reference to the terms thereof contained in the record. It appears that the plans and specifications were not complete and were subject to change or modification as the work progressed. The record does not disclose the contract price nor the manner in which payments or disbursements were made by the owners, although it appears that Redpath was billed by suppliers and subcontractors for the cost of labor and materials. The trial court found that Lund furnished the labor and material at the request of Redpath, who acted as the owners' agent. The court found that Lund failed to file a mechanics lien statement within the time required by statute, but determined that, since the labor and material were furnished at the behest of the owners' agent, Lund was entitled to a personal judgment for the reasonable value thereof. The owners attack the trial court's conclusions of law, asserting that there is no support in the record for a determination that they are personally liable to Lund.

We have carefully examined the record presented to us to find evidence which would support the trial court's finding that the services and materials furnished by Lund were supplied at the request of Redpath acting as an agent for the owners. While the record indicates that defendant Thomas Toohey was at the premises almost every day while work was in progress, we do not find evidence which would create an express agency nor are there facts and inferences which might establish the existence of an agency from the evidence as a whole. There was no personal relationship between the owners and Lund, and the evidence as to Redpath's agency is so vague and equivocal as to be without substance as evidence. The record is not inconsistent with the theory that Redpath was a contractor retained by the Tooheys to construct the home and that he ordered the labor and materials supplied by Lund in fulfillment of plans and specifications provided for in the contract.

1. It is well established that an owner is not liable for work

or materials furnished a contractor where he is not a party to the contract between the contractor and subcontractor or materialman. The owner's consent to the making of an improvement does not of itself impose on him any personal liability nor does the fact that he benefits therefrom import contractual liability. Lundstrom Const. Co. v. Dygert, 254 Minn. 224, 94 N. W. (2d) 527; 13 Am. Jur. (2d) Building and Construction Contracts, § 29; 57 C. J. S., Mechanics' Liens, § 263b.

2. Turning to Lund's petition for review, which involves the claim that his materialman's lien was in fact timely filed, it is only necessary to observe that this was a fact question presented on conflicting evidence and was resolved against him by the trial court. This point is controlled by the principle that where an action is tried by a court without a jury its findings are entitled to the same weight as a verdict by a jury and will not be reversed on appeal unless they are manifestly contrary to the evidence. Gaertner v. Rees, 259 Minn. 299, 107 N. W. (2d) 365; Hynan v. First Trust Co. 258 Minn. 118, 103 N. W. (2d) 209; 1B Dunnell, Dig. (3 ed.) § 411.

The matter is accordingly reversed and a new trial granted on the issue of the owners' personal liability. Costs and disbursements on this appeal are denied.