Dennis **SKJOD**, d.b.a. Pete's Water and Sewer, Respondent,

v.

Anthony A. **HOFSTEDE**, et al., Appellants.

No. C7–86–1840.

Court of Appeals of Minnesota.

March 31, 1987.

James H. Krave, Riley, Scattarella & Krave, Minneapolis, for respondent.

Jeffrey H. Olson, Thiel, Sorenson, Thiel, Campbell & Gunderson, Minneapolis, for appellants.

Heard, considered and decided by LANSING, P.J., and WOZNIAK and NIERENGARTEN, JJ.

## MEMORANDUM OPINION

NIERENGARTEN, Judge.

This is an appeal from a money judgment in favor of a subcontractor based upon a quantum meruit theory. We reverse.

## FACTS

Anthony and Diane Hofstede contracted with Bruce Podvin (Northland Homes) for the construction of a home on a residential lot in Minneapolis. Northland Homes subcontracted plumbing work to Krunholz Plumbing which in turn accepted a bid of $900 from Pete's Water and Sewer (Skjod) to connect the water and sewer lines to the Hofstedes' residence.

The Hofstedes had no contacts or communications with Skjod and no knowledge of any work performed by Skjod. Skjod's conciliation court claim against the Hofstedes was removed to Hennepin County District Court which found that Skjod installed water and sewer lines and "never received payment after complete performance of the contract," and that the Hofstedes were enjoying the benefits of Skjod's work. The district court concluded that when an express contract cannot be proved, "a quasi-contract can be implied if failure to do so would result in unjust enrichment." Judgment was entered against the Hofstedes and they appeal.

## DECISION

Skjod has no legal remedy against the Hofstedes. There was no contract between the subcontractor and the homeowners and Skjod failed to serve the required prelien notice on the Hofstedes which would have allowed him to enforce a mechanics lien against the homeowners. *See* Minn.Stat. §§ 514.01 and 514.011, subd. 2 (1986) (a subcontractor must serve a written notice on the property owner "as a necessary prerequisite to the validity of any claim or lien"); *Dolder v. Griffin,* 323 N.W.2d 773, 780 (Minn.1982).

Skjod also has no basis for an equitable remedy in quantum meruit against the Hofstedes. Although the Hofstedes obviously benefited from Skjod's work, Skjod has not established that the enrichment was unjust. *See First National Bank of St. Paul v. Ramier,* 311 N.W.2d 502, 504 (Minn.1981) ("unjust enrichment claims do not lie simply because one party benefits from the efforts or obligations of others, but instead it must be shown that a

party was unjustly enriched in the sense that the term 'unjustly' could mean illegally or unlawfully").

It is well established that an owner is not liable for work or materials furnished a contractor where [the owner] is not a party to the contract between the contractor and subcontractor * * *.

*Johnson & Peterson, Inc. v. Toohey*, 285 Minn. 181, 183–84, 172 N.W.2d 326, 328 (1969). *See Duluth Lumber and Plywood Co. v. Delta Development, Inc.*, 281 N.W.2d 377, 384 (Minn.1979).

The supreme court has suggested that subcontractors *might* be allowed to recover against property owners when there are "unusual" circumstances "which would result in unjust enrichment unless subcontractors were permitted to recover in quasi-contract." *Lundstrom Construction Co. v. Dygert*, 254 Minn. 224, 232, 94 N.W.2d 527, 533 (1959). However, Skjod presented no evidence showing unusual circumstances which might provide an equitable remedy against the property owners; he merely states that he has not been paid for work performed under a bid accepted by Krunholz Plumbing.

The trial court erred by awarding a money judgment against the property owners when Skjod did not serve the mandatory prelien notice and there was no contract between Skjod and the Hofstedes.[1] *See* Minn.R.Civ.P. 52.01 ("Findings of fact shall not be set aside unless clearly erroneous"); *Anda Construction Co. v. First Federal Savings and Loan Association*, 349 N.W.2d 275, 277 (Minn.Ct.App.1984), *pet. for rev. denied* (Minn. Sept. 5, 1984) (a trial court's findings are clearly erroneous if there is no substantial evidentiary support or they were induced by an erroneous view of the law).

Reversed.

---

1. It would appear Skjod could seek contractual relief from the plumbing subcontractor or the general contractor.